# In re Adolfo Jose GRIJALVA, Respondent

## File A28 812 710 - Los Angeles

### *Decided April 28, 1995*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Under section 242B(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(a)(1) (Supp. V 1993), service of the Order to Show Cause (Form I-221) must be given in person to the respondent or, if personal service is not practicable, such notice must be given by certified mail to the respondent or to his counsel of record, if any, with the requirement that the certified mail receipt be signed by the respondent or a responsible person at the respondent's address to accomplish personal service. *Matter of Huete*, 20 I&N Dec. 250 (BIA 1991), followed.

(2) Under sections 242B(a)(2) and (c)(1) of the Act, written notice of the deportation proceedings sent by certified mail to the respondent at the last address provided by the respondent is sufficient to establish proper service by clear, unequivocal, and convincing evidence. Proof of actual service or receipt of the notice by the respondent is not required to effect service. It is incumbent upon the respondent to provide an address where he can receive mail in a regular and timely manner.

(3) For purposes of section 242B(a)(2) of the Act, "in person" service of the notice of deportation proceeding is deemed "not practicable" when the respondent is not in immigration court before the Immigration Judge.

(4) In cases where service of a notice of a deportation proceeding is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail, a strong presumption of effective service arises which only may be overcome by the affirmative defense of nondelivery or improper delivery by the Postal Service.

FOR RESPONDENT: Kathy Alfred, Esquire, Los Angeles, California

Before: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA and HEILMAN, Board Members; HOLMES, Alternate Board Member

HEILMAN, Board Member:

In a decision dated November 23, 1993, an Immigration Judge found the respondent deportable as charged under section 241(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(B) (Supp. V 1993), and ordered the respondent deported from the United States to Nicaragua. The

decision was rendered following a hearing held in absentia due to the respondent's failure to appear pursuant to section 242B of the Act, 8 U.S.C. § 1252b (Supp. V 1993). The respondent filed a motion to reopen deportation proceedings with the Immigration Judge on January 31, 1994, pursuant to section 242B(c)(3)(B) of the Act, claiming that he never received notice of the November 23, 1993, hearing.[1] The Immigration Judge denied the motion to reopen in a decision dated May 19, 1994. The respondent has appealed from that decision. The Immigration and Naturalization Service has filed no response to the respondent's appeal or appeal brief. On September 23, 1994, the Board of Immigration Appeals denied the respondent's request for stay of deportation. The record will be remanded to the Immigration Judge.

## I. FACTUAL BACKGROUND

The record reflects that on May 3, 1993, the Service issued an Order to Show Cause and Notice of Hearing (Form I-221) against the respondent charging him with deportability under section 241(a)(1)(B) of the Act, as an alien who had entered the United States without inspection. The Order to Show Cause was sent on July 8, 1993, by certified mail, return receipt requested, to the respondent at "728 E. Kensington Rd., #1, Los Angeles, CA 90026." The return receipt for the Order to Show Cause is not in the record on appeal, but in the respondent's January 31, 1994, motion to reopen he acknowledged receipt of the Order to Show Cause in July 1993.

The May 3, 1993, Order to Show Cause ordered the respondent to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review ("EOIR") which would be calendared. The respondent was advised that notice of the calendared hearing would be mailed to the address provided by him. In addition, printed instructions on the reverse side of the Order to Show Cause form informed the respondent that he was required to be present at his deportation hearing and that if he failed to appear at any hearing after having been given written notice of the date, time, and location of his hearing, he would be ordered deported in his absence, if it was established that he is deportable and had been provided the appropriate notice of the hearing. The printed instructions further advised the respondent that he was required by law to provide immediately in writing an address (and telephone number, if any) where he could be contacted and to provide any change in his address or telephone number to the Office of the Immigration Judge listed on the Order to Show Cause, and that any notices would be mailed only to the last address provided by him.

---

[1] The respondent's certificate of service for the motion to reopen, which states that a copy was delivered to "room 8323" does not establish that the motion was properly served on the Immigration and Naturalization Service, and the Service did not respond to the motion. See 8 C.F.R. § 3.23 (1995).

The record further reflects that on October 8, 1993, the Office of the Immigration Judge sent to the respondent written notice of his deportation hearing scheduled for November 23, 1993. This notice of the hearing was sent to the respondent at the above address by certified mail, return receipt requested. The certified mail return receipt was returned to the Office of the Immigration Judge on October 27, 1993, as unclaimed following notices of certified mail provided to the respondent by the United States Postal Service on October 12, and 15, 1993.

The respondent did not appear for his hearing scheduled for November 23, 1993. Following a hearing held in absentia pursuant to section 242B of the Act, the Immigration Judge ordered the respondent deported from the United States to Nicaragua. The Immigration Judge's decision rendered on November 23, 1993, was sent to the respondent at the address listed above.

In his motion to reopen filed with the Immigration Judge on January 31, 1994, the respondent claimed that he never received notice of the November 23, 1993, hearing. He pointed out, however, that he had received the Order to Show Cause and the Immigration Judge's November 23, 1993, decision. Along with the motion to reopen, the respondent submitted a Change of Address Form (Form EOIR-33) in which he listed his address as the same address listed above.

## II. IMMIGRATION JUDGE'S DECISION

In his decision denying the motion to reopen, the Immigration Judge determined that the respondent was properly notified of the hearing in question because the notice, though unclaimed, was sent to him by certified mail to his last known address. The Immigration Judge noted that the certified mail return receipt reflects that the respondent failed to claim his mail after several attempts to deliver the mail were made by the Postal Service. The Immigration Judge further concluded that the respondent had failed to demonstrate exceptional circumstances for his failure to attend the hearing in question.

## III. RESPONDENT'S APPELLATE ARGUMENTS

On appeal, the respondent contends that he was not properly served with notice of the November 23, 1993, hearing as required by section 242B(a)(2)(A) of the Act. He cites section 242B(a)(2)(A) of the Act as requiring that written notice of a deportation hearing be given in person to the alien or, if personal service is not practicable, that written notice be given by certified mail to the alien or to the alien's counsel of record, if any.

First, the respondent argues that service of the hearing notice should have been initially attempted by personal service, which is required unless it is not practicable. In this regard, he maintains that there is no evidence in this record that personal service was not practicable, particularly as the

respondent lives in Los Angeles, the same city where the federal building which houses the Office of the Immigration Judge and the Service is located.

Secondly, the respondent argues that written notice of the hearing in question was not accomplished by "certified mail to the alien" because the notice was not given to the respondent in person by the Postal Service.[2]

Finally, the respondent urges the Board to apply its holding in *Matter of Huete,* 20 I&N Dec. 250 (BIA 1991), to the hearing notice in the instant case. In *Matter of Huete, supra,* the Board held that in order to effect personal service of an Order to Show Cause and Notice of Hearing sent by certified mail, return receipt requested, the receipt must be signed by the addressee or a responsible person at his address and returned.

On appeal, the respondent, in support of his claim that he did not receive notice of the hearing in question or notice to claim the certified mail by the Postal Service, has proffered statements from relatives declaring that during the month of October 1993 no notice was received at their joint address from the Postal Service. The respondent also has proffered a statement from a neighbor who reported that on occasion he saw "call-in notices" for certified mail lying on top of the mailbox for tenants in their building.

## IV.  BACKGROUND OF SECTION 242B

The respondent's hearing in the case before us was conducted pursuant to the statutory provisions of section 242B of the Act.  Section 242B was added as a new section to the Act by section 545(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5061 (enacted Nov. 29, 1990) ("IMMACT 90"), *as amended by* section 306(b)(6) of the Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, 105 Stat. 1733, 1753 (enacted Dec. 12, 1991).  The enactment of section 242B responds to some of the concerns raised in an October 1989 United States General Accounting Office ("GAO") report on delays in the deportation process and the substantial number of aliens who fail to appear for their scheduled deportation hearings. *See Immigration Control: Deporting and Excluding Aliens from the United States,* GAO Report No. GAO/GGD-90-18 (1990); *see also* 136 Cong. Rec. H8630 (daily ed. Oct. 2, 1990).  The GAO, in its October 1989 report, recommended several solutions to this problem, including developing procedures to improve the notification process and preventing aliens from benefiting from the various discretionary forms of relief after failing to appear for their hearings. These recommendations have been incorporated in section 242B of the Act, which contains several important procedural changes governing deportation proceedings, particularly for in absentia hearings. These new changes include modifications to the Order to Show Cause and notice requirements, the establishment

---

[2] Respondent's counsel did not enter an appearance on behalf of the respondent until the filing of the appeal.

of a central address file system, and the imposition of consequences for failing to appear for hearings.

There is very little legislative history pertaining to the due process and enforcement provisions under section 545 of IMMACT 90 because these provisions were not the subject of hearings in either the House of Representatives or the Senate and were not previously approved in either body. The legislation itself, however, evidences congressional intent to prescribe stricter and more comprehensive deportation procedures, particularly for in absentia hearings, to ensure that proceedings are brought to a conclusion with meaningful consequences. *See also* 136 Cong. Rec. H8630 (daily ed. Oct. 2, 1990); 136 Cong. Rec. S17,109 (daily ed. Oct. 26, 1990).

## V. SECTION 242B(a)(1) NOTICE REQUIREMENTS

With this context in mind, we address the case before us in which the respondent has raised several issues of first impression pertaining to the notice provisions contained in section 242B. We begin our review first by examining the statutory language employed by Congress in section 242B(a)(1). In this regard, we note that the object of statutory construction is to determine congressional intent with respect to the legislation enacted. The paramount index of congressional intent is the plain meaning of the words used in the statute taken as a whole. INS v. Cardoza-Fonseca, 480 U.S. 421, 431 (1987); INS v. Phinpathya, 464 U.S. 183, 189 (1984); Matter of Grinberg, 20 I&N Dec. 911 (BIA 1994).

Section 242B(a)(1) provides, in pertinent part:

NOTICES. -

(1) ORDER TO SHOW CAUSE. - In deportation proceedings under section 242, written notice (in this section referred to as an "order to show cause") shall be given in person to the alien (or, if personal service is not practicable, such notice shall be given by certified mail to the alien or to the alien's counsel of record, if any) . . . .

The term "certified mail" is later defined by section 242B(f)(1) to mean "certified mail, return receipt requested." Section 242B(a)(1)(F)(i) further provides that the Order to Show Cause must specify the requirement that the alien immediately provide (or have provided) the Attorney General with a written record of an address and telephone number (if any) at which the alien may be contacted respecting deportation proceedings under section 242 of the Act. Section 242B contains no additional reference to service of the Order to Show Cause, and there are no implementing regulations.

## VI. THE BOARD'S PRIOR HOLDING IN MATTER OF HUETE

In *Matter of Huete* *supra, supra,* this Board interpreted a Service regulatory definition of personal service that included mailing a copy of a notice by certified mail, return receipt requested. *See* 8 C.F.R. § 103.5a(a)(2)(iv)

(1990). As correctly pointed out by the respondent on appeal, the Board in Matter of Huete, supra, held that in order to effect personal service of an Order to Show Cause and Notice of Hearing sent by certified mail, return receipt requested, the receipt must be signed by the addressee or a responsible person at his address and returned. In this regard, we stated:

> Our review of the statute and pertinent regulations leads us to conclude that the most reasonable interpretation of the provision for service by certified mail, return receipt requested, is to require that the certified mail receipt be signed by the respondent or a responsible person at the respondent's address and returned to effect personal service.

*Matter of Huete, supra,* at 253.

## VII.  SERVICE OF ORDERS TO SHOW CAUSE

*Matter of Huete, supra,* was decided before section 242B became effective and, hence, must be revisited in light of the new statutory provisions of section 242B. Section 242B became effective as to subsections (a), (b), (c), and (e)(1) on June 13, 1992. *See* section 545(g) of IMMACT 90, 104 Stat. at 5066. Even though section 242B(f)(i) defines certified mail as meaning "certified mail, return receipt requested," section 242B(a)(1) concerning service of the Order to Show Cause contains no additional language regarding this method of service or the perfection of service by this prescribed method.

In the absence of new or contrary language, we find that our holding in *Huete* continues to be applicable to the accomplishment of service of the Order to Show Cause by certified mail. Thus, under section 242B(a)(1) of the Act, service of the Order to Show Cause must be given in person to the alien. If personal service is not practicable, such notice must be given by certified mail to the alien or to his counsel of record, if any, with the requirement that the certified mail receipt be signed by the respondent or a responsible person at the respondent's address to accomplish personal service. Then, when the Order to Show Cause is filed with the Office of the Immigration Judge by the Immigration and Naturalization Service, jurisdiction over the case vests with the Immigration Judge and proceedings commence. See 8 C.F.R. § 3.14(a) (1995).

## VIII.  SERVICE OF NOTICES OF DEPORTATION PROCEEDINGS

On appeal, the respondent urges the Board to expand its holding in *Matter of Huete, supra,* to apply not only to the service of the Order to Show Cause, but also to service of hearing notices under section 242B(a)(2). We decline to do so based on our review of the statutory language employed by Congress in sections 242B(a)(2) and (c)(1).

In language identical to section 242B(a)(1) pertaining to service of the Order to Show Cause, section 242B(a)(2)(A) provides that written notice of

deportation proceedings under section 242 or any change or postponement in the time or place of such proceedings:

> shall be given in person to the alien (or, if personal service is not practicable, written notice shall be given by certified mail to the alien or to the alien's counsel of record, if any) in the order to show cause or otherwise, of -

> (i) the time and place at which proceedings will be held.

Sections 242B(c)(1) and (2) state:

> CONSEQUENCES OF FAILURE TO APPEAR. -

> (1) IN GENERAL. - Any alien who, after written notice required under subsection (a)(2) has been provided to the alien or the alien's counsel of record, does not attend a proceeding under section 242, shall be ordered deported under section 242(b)(1) in absentia if the Service establishes by clear, unequivocal, and convincing evidence that, the written notice was so provided and that the alien is deportable. The written notice by the Attorney General shall be considered sufficient for purposes of this paragraph if provided at the most recent address provided under subsection (a)(1)(F).

> (2) NO NOTICE IF FAILURE TO PROVIDE ADDRESS INFORMATION. - No written notice shall be required under paragraph (1) if the alien has failed to provide the address required under subsection (a)(1)(F).

By its plain meaning, subsection (c)(1) refers to service of the notices of deportation proceedings, and only pertains to these notices and not to the Orders to Show Cause. The last sentence in subsection (c)(1) states that *written notice of the deportation proceeding provided at the most recent address is considered sufficient for purposes of determining whether there was clear, unequivocal, and convincing evidence that written notice* was provided under subsection (a)(2). In our view this means that certified mail of such notice of deportation proceedings which is sent to the respondent's last known address is sufficient and that proof of actual service or receipt of the notice by the respondent is not required. It is incumbent upon the respondent to provide an address where he can receive mail in a regular and timely manner. *See* sections 242B(a)(1)(F)(i)-(ii), (4), (c)(1)-(2). In this regard, we point out that this qualifying sentence in question in subsection (c)(1) directs service upon an address, rather than a person.

The only regulatory provisions pertaining to the notices of hearings are found at 8 C.F.R. § 3.26 (1994) which provide:

> In any proceeding before an Immigration Judge in which the respondent/applicant fails to appear, the Immigration Judge shall conduct an *in absentia* hearing if the Immigration Judge is satisfied that notice of the time and place of the proceeding was provided to the respondent/applicant on the record at a prior hearing or by written notice to the respondent/applicant or to respondent/applicant's counsel of record, if any, at the most recent address contained in the Record of Proceeding.

Thus, we view the last sentence in section 242B(c)(1) to mean that written notice of the deportation proceedings, if provided by certified mail, must be

provided at the most recent address reported by the alien. There is no requirement that the certified mail return receipt be signed by the alien or a responsible person at his address to effect service. To hold otherwise would render this last sentence of subsection (c)(1) meaningless as superfluous language and would be contrary to Congress' express intent. Also, as previously noted, no similar qualification or modification pertaining to service of the Order to Show Cause is found in section 242B.

We further observe that section 242B(c)(3)(B) provides a remedy for a respondent who has been ordered deported at a hearing held in absentia under section 242B(c)(1) and who claims that he did not receive proper notice of the deportation proceeding:

> RESCISSION OF ORDER. - Such an order may be rescinded only-
>
> . . . .
>
> (B) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) or the alien demonstrates that the alien was in Federal or State custody and did not appear through no fault of the alien.
>
> The filing of the motion to reopen described in subparagraph (A) or (B) shall stay the deportation of the alien pending disposition of the motion.

Section 242B(c)(3)(B) of the Act; *see also Matter of Gonzalez-Lopez,* 20 I&N Dec. 644 (BIA 1993) (holding that an in absentia order made under section 242B(c)(1) may only be rescinded by filing a motion to reopen with the Immigration Judge).

The statutory provision of such remedy supports the conclusion that service of the deportation proceeding notice is treated differently from that of the Order to Show Cause. The inclusion of this remedy for improper service of the deportation proceedings notice under section 242B(c)(3), but its omission with regard to the service of the Order to Show Cause, demonstrates that Congress only contemplated the requirement of actual service of the Order to Show Cause, rather than the hearing notice. In this regard, we also note that jurisdiction vested over the case when the Order to Show Cause was filed with the Immigration Judge by the Service and that the alien already had notice that he was in deportation proceedings and would be notified of the calendared hearing.

## IX. "IN PERSON" SERVICE OF NOTICES

The respondent also argues on appeal that EOIR or the Office of the Immigration Judge has to show that "in person" service was not "practicable" before the Immigration Judge can assume jurisdiction over a case where service was made by certified mail and that in the instant case such burden of proof has not been met. We disagree.

Section 242B fails to define when personal service is "not practicable." In contrast to the Service, which issues and serves the Order to Show Cause on the alien, neither EOIR nor the Office of the Immigration Judge has any

statutory or regulatory authority to establish or maintain the necessary personnel or resources to provide service of the notices of deportation proceedings to aliens "in person" other than through issuance of such notices when the respondent has appeared before the Immigration Judge. The function of EOIR, including the Offices of the Immigration Judge, is adjudicative in nature. EOIR, including the Immigration Judges, is not part of the Service. *See Matter of Torre,* 19 I&N Dec. 18 (BIA 1984).

In the case before us, the respondent was not present in immigration court. We therefore find that the record adequately demonstrates that "in person" service of the notice of the deportation proceeding was not "practicable" as the respondent was not before the Immigration Judge. Accordingly, service of the deportation proceeding by certified mail was proper.

## X. ANALYSIS OF FACTS AND CONCLUSION

The record in the case before us reflects that the Order to Show Cause was sent to the respondent by certified mail, return receipt requested, on July 8, 1993, and he has acknowledged actual receipt of the Order to Show Cause. Proper service of the Order to Show Cause on the respondent is not at issue.

Following service of the Order to Show Cause by the Service on the respondent, the Office of the Immigration Judge 3 months later sent to the respondent by certified mail, return receipt requested, written notice that his deportation hearing was scheduled for November 23, 1993. This notice was sent to the respondent at his last known address, which was listed on the Order to Show Cause. The certified mail return receipt was returned to the Office of the Immigration Judge as "unclaimed." On the envelope containing the hearing notice, the Postal Service stamp and handwritten notations indicate that attempted delivery to the respondent was made on October 12, 1993, and that notices of certified mail were provided at the respondent's address on October 12, 1993, and October 15, 1993. The certified mail receipt and the hearing notice were returned by the Postal Service to the Office of the Immigration Judge on October 27, 1993, as "unclaimed."

The respondent did not appear for the hearing scheduled for November 23, 1993. The hearing was held in the respondent's absence. At the hearing, the Service, to support its charge of deportability under section 241(a)(1)(B) of the Act, presented as evidence a Record of Deportable Alien (Form I-213) for the respondent, reflecting his entry without inspection on August 22, 1983. The Immigration Judge found the respondent deportable as charged and ordered him deported from the United States to Nicaragua. The respondent's deportability as charged is not in dispute. The Immigration Judge's November 23, 1993, in absentia order was sent to the respondent by mail and he has acknowledged its receipt.

Two months after the Immigration Judge entered his in absentia order of deportation in this case, the respondent filed with the Immigration Judge a

motion to reopen to rescind that order under section 242B(c)(3)(B) of the Act. The Immigration Judge denied the motion to reopen.

We find that the Immigration Judge properly denied the motion to reopen because the respondent failed to demonstrate that he did not receive notice of the deportation proceeding scheduled for November 23, 1993, in accordance with section 242B(a)(2) as required to be shown to support a motion to reopen under section 242B(c)(3)(B). The Service had established by clear, unequivocal, and convincing evidence that the alien was deportable and that proper written notice of the deportation proceeding scheduled for November 23, 1993, was provided to the respondent as mandated under section 242B(a)(2) of the Act. Therefore, the Immigration Judge was required to order the respondent's deportation in absentia under section 242(b)(1). Section 242B(c)(1) of the Act. Inasmuch as service of the notice of the deportation proceeding scheduled for November 23, 1993, "in person" on the respondent was not "practicable," service by certified mail was proper.

We further find that service of the notice of the deportation proceeding in question was accomplished by certified mail under the statutory requirements of sections 242B(a)(2) and (c)(1), even though the certified mail receipt reflects that the notice was returned as "unclaimed" because such notice was sent as required by certified mail to the respondent's last known address which was provided by him.

## XI. ADDITIONAL EVIDENCE PROFFERED ON APPEAL

The respondent now maintains on appeal from the denial of the motion to reopen that he never received the Postal Service notices notifying him that he had certified mail. He contends that Postal Service employees do not always follow proper procedures for delivering certified mail in the building where he lives because sometimes they place the certified mail notices on top of the mailboxes rather than in the mailboxes. On appeal, he has proffered some documentary evidence in support of this claim. We point out to the respondent that while it is claimed that the Postal Service engages in the practice of placing certified mail notices on top of the mailboxes, he has not explained whether he checked these notices, especially after he was advised that he would be notified of his calendared deportation hearing.

Ordinarily, the Board will not remand a record to the Immigration Judge for consideration of evidence proffered on appeal which was available and could have been presented at an earlier hearing or along with a motion to reopen filed with the Immigration Judge. *See Matter of Coelho,* 20 I&N Dec. 464 (BIA 1992) (holding that the Board may deny a motion to remand where a prima facie case for the relief sought has not been established or, in the absence of previously unavailable, material evidence or where the ultimate relief is discretionary, if the relief would not be granted in the exercise of discretion). We emphasize that in the ordinary course where a respondent files a

motion to reopen to rescind an in absentia order pursuant to section 242B(c)(3) of the Act, the Board will not consider any previously available evidence first proffered on appeal as our review is limited to the record of proceedings before the Immigration Judge. The evidence necessary to support the motion to reopen must be presented to the Immigration Judge with the motion to reopen.

## XII. PRESUMPTION OF EFFECTIVE SERVICE OF NOTICES OF DEPORTATION PROCEEDINGS

We find that in cases where service of a notice of a deportation proceeding is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail, a strong presumption of effective service arises. There is a presumption that public officers, including Postal Service employees, properly discharge their duties. *See Powell v. C.I.R.,* 958 F.2d 53 (4th Cir.), *cert. denied,*506 U.S. 965 (1992); *United States v. Chemical Foundation, Inc.,* 272 U.S. 1 (1926). A bald and unsupported denial of receipt of certified mail notices is not sufficient to support a motion to reopen to rescind an in absentia order under section 242B(c)(3)(A) or (B) of the Act.

This presumption of effective service may be overcome by the affirmative defense of nondelivery or improper delivery by the Postal Service. However, in order to support this affirmative defense, the respondent must present substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery or that nondelivery was not due to the respondent's failure to provide an address where he could receive mail.

Under the particular circumstances that have arisen in the instant case, including the absence of implementing regulations or precedent regarding the notice issues raised on motion to reopen, the Board will remand the record to the Immigration Judge for further proceedings to consider the evidence proffered by the respondent on appeal in light of the foregoing opinion, and for the entry of a new decision. We also point out that the Board is an appellate body whose function is to review, not to create, a record. *See Matter of Fedorenko,* 19 I&N Dec. 57 (BIA 1984). We reemphasize, however, that where a respondent files a motion to reopen to rescind an in absentia order pursuant to section 242B(c)(3) of the Act, the Board ordinarily will not consider any previously available evidence first proffered on appeal as its review is limited to the record of proceedings before the Immigration Judge. The evidence necessary to support the motion to reopen must be presented to the Immigration Judge with the motion to reopen.

**ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.