IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60445
Summary Calendar
_____

ATA GHOLAMI, also known as Gholami Ata,
also known as Angelo Minelli,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

_____

On Petition for Review of an Order of
the Board of Immigration Appeals
(BIA No. A73 750 436)
_____

February 5, 2003

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Iranian citizen Ata Gholami petitions for review of the Board of Immigration

Appeals's (BIA) summary denial of his appeal from the Immigration Judge's (IJ)

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

denial of his Motion to Reopen Proceedings under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment [hereinafter "CAT"] pursuant to 8 C.F.R. § 208.18(b)(2). We affirm for the following reasons:

1.      We review motions to reopen removal proceedings for abuse of discretion. Efe v. Ashcroft, 293 F.3d 899, 904 (5th Cir. 2002). We apply the same standard of review applied to the BIA's holdings on asylum claims to CAT motions for withholding of deportation. Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 353 (5th Cir. 2002).

2.      Where the BIA adopts the IJ's decision, as in this case, we must review the IJ's decision. Chun v. I.N.S., 40 F.3d 76, 78 (5th Cir. 1994). We review findings of fact for substantial evidence. We may not reverse factual conclusions unless the evidence was so compelling that no reasonable factfinder could conclude against it. Id. Although purely legal questions are reviewed de novo, see Carbajal-Gonzalez, 78 F.3d 194, 197 (5th Cir. 1996), we must defer to the BIA's interpretations of ambiguous provisions of the Immigration and Nationality Act and its accompanying regulations. Chevron U.S.A., Inc. v. Natural Res. Def. Coun., 467 U.S. 837, 843 (1984). We review the IJ's application of the law to the facts for abuse of discretion.

2

Only if we find that the IJ applied the wrong legal standard, and that the BIA adopted his error, may we conduct a de novo review. Carbajal-Gonzalez, 78 F.3d at 197.

3.  An alien applying to reopen removal proceedings under the CAT must seek to offer evidence that establishes a prima facie case for relief. Withholding of removal under the CAT requires that the petitioner show it is "more likely than not that he or she will be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). This standard requires the petitioner to make an objective showing that he is entitled to relief. In re J-E-, 23 I. & N. Dec. 291, 302 (BIA 2002) ("The 'more likely than not' standard of proof has no subjective component, but instead requires the alien to establish, by objective evidence, that it is more likely than not that he or she will be subject to torture upon removal."). Thus, an applicant seeking to reopen proceedings under the CAT must produce objective evidence showing a reasonable likelihood that he can establish that he is more likely than not to be tortured as defined by 8 C.F.R. § 208.18(a)(2). See Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002). The decision of the Immigration Judge indicates he applied this standard.

4.  Gholami's motion to reopen sought to offer his testimony that he was tortured

3

in the past as an Iranian prisoner and evidence that torture is used in Iranian prisons. The Immigration Judge found Gholami's testimony would not be credible in light of his past dishonesty with the INS. This factual finding is entitled to great deference, see Efe, 293 F.3d at 903, and is supported by substantial evidence in the record. Thus, we hold that the Immigration Judge did not err by finding that there was no reasonable likelihood that the evidence Gholami sought to offer could demonstrate that it is more likely than not that he will be tortured should he be removed to Iran.

5.      Because we find the decision of the Immigration Judge was legally correct, the BIA did not err by summarily dismissing the appeal pursuant to 8 C.F.R. § 3.1(a)(7).

6.      Gholami offered evidence to the BIA on appeal that the Iranian Islamic Revolutionary Court has issued a warrant for his arrest, but he did not offer an explanation for his failure to include this evidence with his motion to reopen. Although a CAT motion need not be based on previously unavailable evidence, see 8 C.F.R. §§ 3.2(c)(1), 208.18(b)(2), "[o]rdinarily, the Board will not remand a record to the Immigration Judge for consideration of evidence proffered on appeal which was available and could have been presented at an earlier hearing or along with a motion to reopen filed with the

4

Immigration Judge . . . . The evidence necessary to support a motion to reopen must be presented to the Immigration Judge with the motion to reopen." In re Grijalva, 21 I. & N. Dec. 27, 37 (BIA 1995). Although Grijalva did not deal with a CAT motion to reopen, § 208.18's exemption from the unavailability requirement must apply to offers of additional evidence on appeal or an alien would be entitled to a remand of his motion to reopen simply by producing any evidence material to the conditions of the proposed country of removal. See 8 C.F.R. § 208.16(c)(3) (requiring an IJ to consider all evidence of country conditions in connection with CAT motions). This would be contrary to Supreme Court precedent regarding immigration motions to reopen, which are "disfavored" for reasons of finality. See INS v. Doherty, 502 U.S. 314, 323 (1992). Thus, the BIA did not abuse its discretion by declining to consider this evidence.

AFFIRMED.