United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 1, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60267
Summary Calendar
_____

CHRISTIAN UCHENNA OKPOKO,

                                    Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                    Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(A29 971 289)
---------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Petitioner Christian Uchenna Okpoko has filed a petition for review of a final order of the Board of Immigration Appeals ("BIA") affirming the denial of Okpoko's motion to reopen his deportation proceeding. Okpoko was ordered deported, in absentia, after he failed to appear for his deportation hearing. We review for abuse of discretion the BIA's denial of a motion to reopen. See Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Okpoko does not take issue with the BIA's factual determination that the immigration court sent notice of his deportation hearing, via certified mail, to his addresses of record. Instead, he argues that the BIA's failure to consider 8 C.F.R. § 3.23(b)(4)(ii)(A)(2) was an abuse of its discretion. He contends that, under this regulation, an in absentia order of deportation may be rescinded if the alien did not receive notice of the deportation hearing.

We "accord deference to the BIA's interpretation of the immigration statute unless there are compelling indications that its interpretation is incorrect." Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994) (citation omitted). In In re: Grijalva, 21 I & N Dec. 27, 1995 WL 314388 (BIA 1995), the BIA determined that proof of actual service or receipt of the notice is not required to effect service of a deportation proceeding under the immigration statute.

Okpoko has failed to demonstrate that the BIA's statutory interpretation in Grijalva is not entitled to deference. As Okpoko thus has failed to show that the BIA abused its discretion in denying his motion to reopen, his petition for review must be denied.

PETITION DENIED.