**Basilio Magadan CASTREJON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71127.**

**Agency No. A70–941–898.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2004.*

Decided Dec. 10, 2004.

Howard Dawson, Law Office of Howard Dawson, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Anthony W. Norwood, Esq., San Francisco, CA, Leslie McKay, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

208

Before SCHROEDER, Chief Judge, GOULD, and CLIFTON, Circuit Judges.

### MEMORANDUM**

Basilio Magadan Castrejon, a native and citizen of Mexico, seeks review of a Board of Immigration Appeals decision affirming the immigration judge's (IJ) deportation order. Castrejon failed to appear at his deportation hearing in October 1995, and was ordered deported in absentia. In 1999, he filed a motion to reopen based on his failure to receive the Order to Show Cause (OSC). At an evidentiary hearing, the INS presented a copy of the return receipt for the OSC, signed by Jose Garcia. The IJ determined that the OSC was properly served, and stated that Castrejon had provided no evidence that the person who signed the receipt was irresponsible or a minor. The BIA upheld the IJ.

Under section 242B(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1252b(c) (1995), an order of deportation issued in absentia may only be rescinded if the alien failed to appear because of exceptional circumstances, because he did not receive proper notice of the hearing, or because he was in federal or state custody and failed to appear through no fault of his own. Adequate notice of deportation procedures under section 242B required both an OSC and a notice of the time and place of proceedings. Proper service of an OSC is accomplished when written notice is sent through certified mail to the alien or to the alien's counsel, and the certified mail receipt is signed by either the alien or by "a responsible person at his address." *In re Grijalva*, 21 I. & N. Dec. 27, 32 (BIA 1995).

There is no dispute that the OSC was sent to and received at Castrejon's address, as evidenced by the receipt signed by Jose Garcia. Castrejon did not present any evidence indicating that Garcia was either irresponsible or a minor. Rather, he told the IJ that Jose was "more or less" eighteen years old. Contrary to Castrejon's assertion, the BIA articulated no new evidentiary standard, and there was no denial of due process. *Contrast Singh v. INS*, 213 F.3d 1050, 1053 (9th Cir.2000).

PETITION DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

