**Edgardo Kien LASTIMOZA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70834.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Dec. 5, 2005.

Ravit Rae Halperin, Esq., Korenberg Abramowitz & Feldun a Law Corporation, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief

Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Edgardo Kien Lastimoza, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's order denying his motion to reopen deportation proceedings conducted in absentia. We review for abuse of discretion, *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002), and deny the petition for review.

Lastimoza seeks to reopen proceedings on the ground that he did not receive proper notice of his hearing. *See* 8 U.S.C. § 1252b(c)(3)(B) (1993). Notice was proper because the Order to Show Cause ("OSC") and notices of hearing were sent by certified mail to Lastimoza's last known address, and the certified mail receipt for the OSC was signed by a relative at that address. *See In re Grijalva*, 21 I. & N. Dec. 27, 32–34, 1995 WL 314388 (BIA 1995) (holding OSC and notices of hearing must be sent by certified mail to last known address, and OSC return receipt must be signed by responsible person at address). Lastimoza provides no evidence that he was unaware of the requirement that he report his change of address to the

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

government, or that the relative who signed the return receipt was not a responsible person. *See Singh v. INS*, 213 F.3d 1050, 1054 n. 8 (9th Cir.2000) (holding counsel's statements in briefs could not be considered as evidence). Accordingly, the BIA did not abuse its discretion in denying the motion to reopen.

Lastimoza waived any challenge to the BIA's determination that his motion to reopen to apply for adjustment of status was untimely. *See Chebchoub v. INS*, 257 F.3d 1038, 1045 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.