United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

───────────

No. 06-60204
Summary Calendar

───────────

JONNY BENJAMIN ALVARADO-SOLIS,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74 589 319
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jonny Benjamin Alvarado-Solis (Alvarado) seeks a petition for review

of the order of the Board of Immigration Appeals (BIA) dismissing his appeal

from the Immigration Judge's denial of his motion to reopen to rescind his

1996 in absentia order of deportation or, alternatively, to adjust status. The

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BIA's decision is reviewed for an abuse of discretion.  Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000).

Alvarado urges that the motion to reopen to rescind the 1996 in absentia deportation order should have been granted because he never received notice of the deportation hearing.  Substantial evidence supports the BIA's finding that notice of the deportation hearing was mailed by certified mail to the address Alvarado provided and, thus, that the notice was sufficient.  See 8 U.S.C. §§ 1252b(c)(1) and (c)(3)(repealed Sept. 30, 1996); Matter of Grijalva, 21 I & N Dec. 27, 36-38 (BIA 1995).  Accordingly, the BIA did not abuse its discretion in affirming the denial of the motion to reopen to rescind the 1996 in absentia deportation order.  Lara, 216 F.3d at 496.

Alvarado next contends that the BIA erred in upholding the denial of his motion to reopen to adjust status based on relief that was not previously available, specifically, his wife's recently approved I-140 visa application.  He challenges the BIA's determination that the motion to reopen to adjust status was untimely under 8 C.F.R. § 1003.23 on the ground that he never received notice of the deportation hearing.  The argument fails for the reason previously stated.

The petition for review is DENIED.