**Jose C. RAUDA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74185.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 22, 2008.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, David V. Bernal, Attorney, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony P. Nicastro, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Jose C. Rauda, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming an immigration judge's ("IJ") decision denying his motion to reopen proceedings in which he was ordered deported in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion, *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001) (en banc), and we grant the petition for review in part, deny it in part, and remand.

The BIA abused its discretion in denying Rauda's motion to reopen because the Department of Homeland Security has the burden of establishing that Rauda was properly served with the Order to Show Cause ("OSC"). *See* 8 U.S.C. § 1252b(c)(1) (1995). We note that the IJ's decision incorrectly applied *Matter of Grijalva*, 21 I. & N. Dec. 27, 32 (BIA 1995) (en banc), by employing a presumption of delivery of Rauda's OSC that is proper only for notices of hearing. *See Chaidez v. Gonzales*, 486 F.3d 1079, 1085 (9th Cir.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2007). Accordingly, we remand for reconsideration of Rauda's claim under the proper legal standards. *Cf. id.* at 1087 (holding that the signature on the OSC return receipt of an unknown individual at petitioner's house failed to establish proper delivery to petitioner or a responsible person at his address).

The BIA did not abuse its discretion when it determined that the aspect of Rauda's motion to reopen based on ineffective assistance of counsel was untimely. Rauda did not demonstrate that he exercised due diligence in pursuing his claim of fraud on the part of the immigration consultant after he learned that she had filed an asylum application instead of a work authorization application. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.