**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4724
_____

WILLIAM OPARE,
                                    Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A070-904-289)
Immigration Judge:  Honorable Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 2, 2011

Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges

(Opinion filed: March 14, 2011)
_____

OPINION
_____

PER CURIAM.

        William Opare, a citizen of Ghana, petitions for review of an order of the

Board of Immigration Appeals ("BIA"), which affirmed without opinion an Immigration

1

Judge's ("IJ") order denying Opare's motion to reopen. For the reasons that follow, we will deny the petition for review.

Opare entered the United States without inspection in May 1993. He applied for asylum based on his political opinion. On February 27, 1997, Opare was served by certified mail with an Order to Show Cause, which charged him with being deportable pursuant to former Immigration and Nationality Act ("INA") § 241(a)(1)(B) [8 U.S.C. § 1231(a)(1)(B)]. A.R. 171-75. The Order to Show Cause indicated that Opare was to appear for a hearing before an IJ on June 3, 1997, and in fact Opare was present at that hearing. The record reflects that in March 1997, the Immigration Court also sent a notice regarding the hearing via certified mail to Opare at 204 Salaighac Street, Apartment A-3. A.R. 169. Opare signed a receipt for the notice. A.R. 167. Another notice, dated June 3, 1997, was sent to the same address, indicating that a hearing would be held on July 22, 1997. A.R. 165-66. Both notices explained the consequences for failing to appear, and both notices included warnings about notifying the Immigration Court of any change of address. On July 14, 1997, the Immigration Court sent a notice to Opare's attorney, John J. Hykel, informing him that an individual hearing had been scheduled for November 10, 1997. A.R. 139-43. Someone (presumably in Hykel's office) signed a return receipt for the notice. A.R. 140.

The Immigration Court sent a notice to Hykel by certified mail on October 28, 1997, informing him that a hearing would be held on March 19, 1998. However, on October 27, 1997, Hykel had filed a motion to withdraw, which an IJ granted on October

2

28, 1997. A.R. 128. Thus, on November 4, 1997, the Immigration Court resent the notice regarding the March 19, 1998 hearing to Opare at 204 Salaighac Street, Apartment A-7.[1] A.R. 121-25. Opare signed a return receipt for the notice. A.R. 121. On February 27, 1998, the Immigration Court sent out another notice to Opare, indicating that the individual hearing had been changed to November 16, 1998. A.R. 114-15. The mail was returned to the Immigration Court, with a stamp stating, "Return to Sender" and "Moved Left No Address." Opare did not appear for the November 16, 1998, hearing, and he was ordered deported in absentia. A.R. 104.

Nearly ten years later, in October 2008, Opare filed a motion to reopen the proceedings on the ground that he had not had actual notice of the hearing.[2] A.R. 46. The IJ denied the motion, noting that notice of the November 16, 1998 hearing was "sent certified mail to [Opare's] last and only address on record," and that Opare did "not contend that he never received notice of the requirement to notify the Court of any address change, as required by law." A.R. 29. The IJ noted that Opare had in fact filed one address change with the Immigration Court, noting a change of apartment number. Id. The IJ also noted that "the G-325A [Biographic Information] accompanying

---

[1] Although the record does not contain a change of address form, the IJ's decision notes that Opare had completed such a form, indicating a change in his apartment number. A.R. 29. Opare does not contest this statement.

[2] Opare also sought to adjust his status based on an I-130 Petition for Alien Relative filed by his U.S.-citizen wife.

3

[Opare's] I-130, gives 204 Salaignac[3] Street as [his] address, from May 1993 to June 1995, which is in total contradiction to the addresses that he had on file with this Court and where he received mail from this Court, at least until November 7, 1997." Id. The IJ noted that Opare had failed to provide an "affidavit addressing his failure to appear at the November 16, 1998 hearing, or about his failure to inquire about his deportation proceedings with the Court, until now—10 years later, when possible relief became available to him through marriage to a United States citizen." A.R. 30. The IJ determined that Opare had failed to show that he was not actually served with the notice of the November 1998 hearing. Id.

Opare filed a notice of appeal, through counsel, arguing that the return of the hearing notice indicated that Opare did not receive actual notice of the hearing, that Opare was unrepresented at the time, and that he thus had no alternative means of receiving notice. A.R. 21. Opare also took issue with the IJ's mention of "the long delay in seeking reopening," noting that there was no time limit on a motion to reopen where the deportation order had been entered in absentia. Id. Opare also indicated on the appeal form that he intended to file a separate written brief, but none appears in the record. Id. As noted above, the BIA affirmed the IJ's decision without opinion. A.R. 3. Opare filed a timely petition for review.

---

[3] The street name was spelled with an "n" rather than an "h" ("Salaignac" rather than "Salaighac") on Opare's G-325A.

We have jurisdiction under INA § 242(a) [8 U.S.C. § 1252(a)]. "We review the denial of a motion to reopen a removal order entered in absentia for abuse of discretion." Cabrera-Perez v. Gonzales, 456 F.3d 109, 115 (3d Cir. 2006) (citing INS v. Doherty, 502 U.S. 314, 323-24 (1992)). Thus, in order to succeed on the petition for review, Opare must ultimately show that the discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

Because Opare's immigration proceedings were initiated prior to the 1996 amendments to the INA, we must apply the notice requirements set forth in former INA § 242B [8 U.S.C. § 1252b]. Under that statute, aliens were to be notified of the time and place of their deportation hearings either in person or by certified mail sent to the alien or the alien's counsel of record. See INA § 242B(a)(2)(A) [8 U.S.C. § 1252b(a)(2)(A)]. In the event an alien failed to appear for a hearing, the Government had to prove "by clear, unequivocal, and convincing evidence" that the alien was provided with notice of the sort described in subsection (a)(2) and that the alien was deportable. INA § 242B(c)(1) [8 U.S.C. § 1252b(c)(1)]. Written notice was sufficient if it was "provided at the most recent address" furnished by the alien. Id. The in absentia deportation order could be rescinded if the alien moved to reopen at any time and demonstrated that he did not receive notice in accordance with subsection (a)(2). See INA § 242B(c)(3)(B) [8 U.S.C. § 1252b(c)(3)(B)].

We conclude that the IJ did not abuse her discretion in denying the motion to reopen because, for purposes of rescinding an in absentia removal order under INA

5

§ 242B(c)(3), Opare has failed to demonstrate that he "did not receive notice" of the hearing. It is clear that notice of the November 16, 1998 hearing was sent by certified mail to Opare's address of record. See Santana Gonzalez v. Att'y Gen., 506 F.3d 274, 277 (3d Cir. 2007) (holding that a strong presumption of receipt applies when a notice from an Immigration Court is sent by certified mail). Although the hearing notice was returned to the Immigration Court because Opare had "moved" and "left no address," there is no evidence in the record that Opare complied with the requirement, set forth in the Order to Show Cause, and in previous hearing notices that he received, that he inform the Immigration Court of his current mailing address. See Gomez-Palacios v. Holder, 560 F.3d 354, 360 (5th Cir. 2009) (recognizing that "an alien's failure to receive actual notice of a removal hearing due to his neglect of his obligation to keep the immigration court apprised of his current mailing address" does not entitle the alien to rescission of an in absentia removal order); see also Anin v. Reno, 188 F.3d 1273, 1277 (11th Cir. 1999) ("[N]o statutory provision requires an alien to receive actual notice of a deportation proceeding.").

Opare argues for the first time in this Court that the record shows that he was at the Salaighac address until January 1999, and that "even if, arguendo, [he] had moved, he still received mail at that address and responded to it on each and every occasion he was ordered to do so." Petitioner's Brief at 8. We cannot consider these arguments, as he did not raise them before the IJ or BIA. See 8 U.S.C. § 1252(d)(1) (court may review final order of removal only if alien has exhausted all administrative

6

remedies available as of right); <u>Abdulrahman v. Ashcroft</u>, 330 F.3d 587, 594-95 (3d Cir. 2003) (alien must exhaust administrative remedies as to each claim or ground for relief in order to preserve right of judicial review of the claim). The IJ's decision clearly is based on its conclusion that Opare had failed to inform the Immigration Court of an address change. If the Immigration Court was mistaken in that regard, Opare should have filed a motion for reconsideration, including the correct information, or should at least have raised the issue on appeal to the BIA. Because he did not do so, we conclude that he has failed to demonstrate that he did not receive notice in accordance with INA § 242B(a)(2). <u>See</u> <u>Matter of Grijalva</u>, 21 I. & N. Dec. 27, 37 (BIA 1995) (to overcome presumption of effective service, alien must present substantial and probative evidence "demonstrating that there was improper delivery or that nondelivery was not due to the [alien's] failure to provide an address where he could receive mail"). As Opare did not properly rebut the presumption of effective service, the BIA did not abuse its discretion in holding that he was not entitled to rescission of the in absentia deportation order.

For the foregoing reasons, we will deny the petition for review.