10-1082-ag
Rodriguez v. Holder

BIA
Montante, IJ
A072 582 811

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of March, two thousand eleven.

PRESENT:
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

MARIBEL RODRIGUEZ,
> *Petitioner,*

v.                                          10-1082-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Edward J. Cuccia, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Margot L. Nadel, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Maribel Rodriguez, a native and citizen of the Dominican Republic, seeks review of a February 25, 2010, order of the BIA affirming the January 20, 2009, order of Immigration Judge ("IJ") Philip J. Montante, Jr., denying her motion to reopen. *In re Maribel Rodriguez*, No. A072 582 811 (B.I.A. Feb. 25, 2010), *aff'g* No. 072 582 811 (Immig. Ct. Buffalo Jan. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the denial of a motion to rescind an *in absentia* order under the same abuse of discretion standard applicable to motions to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006). Our jurisdiction to review orders of removal entered *in absentia* is generally limited to "(i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." *Abu Hasirah v. DHS*, 478 F.3d at 474, 478 (2d

2

Cir. 2007) (citing 8 U.S.C. § 1229a(b)(5)(D)). When, as in this case, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007).

Rodriguez's arguments that her notice of hearing was "facially defective" because it was sent to a non-existent address, "Revelside Drive" instead of "Riverside Drive," and because it contained a signature that was not hers are unavailing. The record indicates that the notice was sent to the address as Rodriguez had written it, "Revelside Drive," and the return receipt indicated that the notice had been delivered and signed for. Moreover, Rodriguez bore the burden of providing the agency with her correct address. *See* 8 U.S.C. §§ 1229(a)(1)(f), 1229a(b)(5)(B). When a hearing notice is sent via certified mail, we presume "not only that delivery to the alien's mailing address was effective, but also that the alien personally received the notice." *Alrefae*, 471 F.3d at 359; *see also Fuentes-Argueta v. INS*, 101 F.3d 867, 871 (2d Cir. 1996) ("There is no requirement that the certified mail return receipt be signed by the alien or a responsible person at his address to attempt service. So long as there is proof of attempted delivery,

3

there is a presumption of adequate notice."). A petitioner may overcome this presumption "by the affirmative defense of nondelivery or improper delivery by the Postal Service," but only if she presents "substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery." *Matter of Grijalva,* 21 I. & N. Dec. 27, 37 (BIA 1995). The IJ did not abuse its discretion in finding that Rodriguez failed to overcome this presumption because the signed certified mail receipt indicated that Rodriguez's hearing notice had been delivered to the address she provided to the agency. *See Fuentes-Argueta*, 101 F.3d at 871; *Grijalva,* 21 I. & N. Dec. at 37. The IJ also reasonably concluded that Rodriguez failed to exercise due diligence in pursuing her case because she failed to offer any explanation for the sixteen-year delay in attempting to obtain information regarding her

proceedings.  *See Iavorski v. INS,* 232 F.3d 124, 135 (2d Cir. 2000).

For the foregoing reasons, the petition for review is DENIED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk