[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14322
Non-Argument Calendar
_____

Agency No. A073-105-276

ELIONEL E. GOMEZ-ROBLERO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 23, 2015)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Elionel E. Gomez-Roblero is a native and citizen of Guatemala.  In January 1993, he entered the United States illegally.  And, on July 23, 1998, the Immigration and Naturalization Service ("INS") filed a Notice to Appear ("NTA"), charging him with removability under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), and ordering him to appear before an Immigration Judge ("IJ") on September 30, 1998.  The INS served Gomez-Roblero with the NTA by regular mail at the last address he had provided the INS—Post Office Box 4532, West Palm Beach, Florida.  Gomez-Roblero failed to appear before the IJ as ordered, so the IJ, based on the INS's submissions, ordered him removed to Guatemala.[1]

Thirteen years later, through counsel, Gomez-Roblero moved the IJ to reopen the removal proceedings and terminate the NTA on the grounds that it had not been properly served on him and that he was eligible for cancellation of removal pursuant to INA § 240A(b)(1)(A), 8 U.S.C. § 1229b(b)(1)(A).  In support of his motion, Gomez-Roblero testified that the address he had given the INS belonged to an individual named "Panchito"; that Panchito had helped him with his immigration issues; and that Panchito had failed to inform him about the NTA.[2]

---

[1]  The IJ also held abandoned the application for asylum Gomez-Roblero had filed with INS in April 1994.

[2]  Gomez-Roblero admitted that he had not provided the INS with any other address.

2

The IJ found that the NTA had been properly served and that Gomez-Roblero was ineligible for cancellation of removal because he had stopped accruing the physical presence in the United States necessary to qualify for such relief. The IJ therefore denied Gomez-Roblero's motion to reopen. He appealed the IJ's decision to the Board of Immigration Appeals. The BIA affirmed on August 29, 2014. Gomez-Roblero now petitions this court for review.

The INS properly served Gomez-Roblero with the NTA. INA § 239(a)(1), 8 U.S.C. § 1229(a)(1), states that a NTA "shall be given in person to the alien (or if personal service is not practicable, through service by mail to the alien or the alien's counsel of record, if any) . . . ." The statute further provides that "[s]ervice by mail [of the NTA] shall be sufficient if there is proof of attempted delivery to the last address provided by the alien . . . ." INA § 239(c), 8 U.S.C. § 1229(c). Because personal service was not practical in this case, *see e.g., Matter of Grijalva*, 21 I. & N. Dec. 27, 33–36 (BIA 1995), the INS served Gomez-Roblero with the NTA by mail. Gomez-Roblero does not dispute that the last address he provided to the INS was the Post Office Box address to which the INS sent the NTA. Thus, the BIA did not err in affirming the IJ's finding that the NTA was properly served.

Gomez-Roblero's cancelation-of-removal argument must fail because he was properly served with the NTA. An alien, like Gomez-Roblero, who is not a lawful permanent resident, may establish eligibility for cancellation of removal and

3

adjustment of status if he can demonstrate that he has been "physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [his] application" for cancellation of removal.  INA 240A(b)(1)(A), 8 U.S.C. § 1229b(b)(1)(A).  However, "any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear under [8 U.S.C. § 1229(a)(1)]." INA § 240A(d)(1)(A), 8 U.S.C. § 1229b(d)(1)(A).

PETITION DENIED.

4