**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ARMEN MARGARYAN, | No. 14-73448 |
| Petitioner, |  |
| v. | Agency No. A072-958-488 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Armen Margaryan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings conducted in absentia.  Our jurisdiction is governed by 8

U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Margaryan's motion to reopen on the grounds that notice was proper, where Margaryan does not claim that he did not receive notice of the hearing, and the record reflects that he was notified of the date and location of the next hearing at his November 7, 1996, hearing. *See* 8 U.S.C. § 1252b(a)(2)(B) (1995) (notice of hearing shall be given in person or sent by certified mail); *Matter of Grijalva*, 21 I. & N. Dec. 27, 37 (BIA 1995). Margaryan's contentions that the immigration judge encouraged him not to appear for the hearing, and that the BIA ignored evidence and arguments are not supported by the record.

We lack jurisdiction to review the agency's decision not to reopen proceedings sua sponte, and we decline to re-examine our holding in *Ekimian v. INS*, 303 F.3d 1153 (9th Cir. 2002). *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011) ("No significant changes have occurred since *Ekimian* that would allow . . . us to review sua sponte reopening.").

Margaryan's request for referral to the court's mediation program and for fees under the Equal Access to Justice Act are denied.

14-73448

Respondent's motion to vacate the stay of removal is denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**