

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2004

# Valenzuela v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4494

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Valenzuela v. Atty Gen USA" (2004). *2004 Decisions.* Paper 57.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/57

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-4494

———

NENITA VALENZUELA,

Petitioner

v.

JOHN ASHCROFT, Attorney General of the United States,

Respondent

———

On Petition for Review of an Order of the Board of Immigration Appeals
(No. A77-029-985)

———

Submitted Under Third Circuit LAR 34.1(a):
November 16, 2004

Before: McKEE and CHERTOFF, *Circuit Judges*, and BUCKWALTER,[*] *Senior District Judge*.

(Filed:    December 20, 2004)

———

[*]Honorable Ronald L. Buckwalter, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

OPINION

CHERTOFF, *Circuit Judge*.

Nenita Valenzuela petitions this Court for review of a decision by the Board of Immigration Appeals (BIA) rejecting her motion to reopen her removal proceedings. She also asks for review of a subsequent decision of the BIA rejecting her request that the Board reconsider its first decision. Because we find that the BIA did not abuse its discretion in refusing to reopen her case, we will reject the petition.

## I.

Valenzuela entered the United States without inspection in 1991. After marrying an American citizen, she applied for an adjustment in her status to lawful permanent resident on July 10, 1997. At her Immigration and Naturalization Service (INS) interview, Valenzuela was directed to submit documentary evidence in support of her application. She claims that she gave the evidence to her attorney who apparently never forwarded it to the INS. The INS thus denied her application.

Following the denial of her adjustment application, the INS mailed Valenzuela a Notice to Appear informing her that a hearing would be scheduled for her to show cause as to why she should not be deported. The notice was mailed on March 16, 2001 to an address in Jersey City, New Jersey that Valenzuela had provided to the INS. Valenzuela claims that a fire destroyed her apartment on February 3, 1999, forcing her to move to another location in Jersey City. She therefore did not receive the Notice to Appear. A

subsequent Notice of Hearing was mailed on April 4, 2001, which Valenzuela also claims she did not receive. The Notice of Hearing set a hearing date of May 8, 2001.

When Valenzuela did not attend the hearing on May 8, another hearing was scheduled for July 3, 2001 and another Notice of Hearing was mailed to her at the same address. Valenzuela again claims that she did not receive the Notice. When Valenzuela did not attend that hearing, the Immigration Judge (IJ) issued a summary decision, *in absentia*, ordering that she be deported.

On November 2, 2002, Valenzuela moved to reopen her deportation proceedings. The IJ denied her motion on December 24, 2002. Valenzuela then appealed to the BIA, which dismissed her appeal on October 23, 2003. She subsequently filed a new motion asking the BIA to reconsider its decision, but this motion was denied on December 15, 2003. She now asks this Court for review of both decisions.

## II.

Both parties agree that we have jurisdiction under 8 U.S.C. § 1252(b)(2) to review the BIA's October 23, 2003 decision denying Valenzuela's appeal of her motion to reopen her case. The Government contends that we lack jurisdiction to review the BIA's December 15, 2003 decision rejecting Valenzuela's motion requesting that the BIA reconsider its previous decision because she failed to file a petition for review within thirty days of the BIA's decision, as required by 8 U.S.C. § 1252(b)(1). The record in this case shows that Valenzuela filed a petition for review of the BIA's October 23, 2003

decision on November 20, 2003. There is no evidence that she filed a separate petition for review of the BIA's December 15, 2003 decision. Therefore, we agree with the Government that we may review only the BIA's initial decision rejecting her appeal of the IJ's motion to reopen her case.

III.

Section 240 of the Immigration and Naturalization Act (8 U.S.C. § 1229a) permits orders of removal to be entered *in absentia* under certain circumstances. It provides:

> Any alien who, after written notice required under paragraph (1) or (2) of section 1229(a) of this title has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable (as defined in subsection (e)(2) of this section). The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 1229(a)(1)(F) of this title.

8 U.S.C. § 1229a(b)(5)(A). An order of removal entered *in absentia* may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title." Id. § 1229a(b)(5)(C)(ii).

Valenzuela argued in her motion to reopen that she did not receive notice of her hearing because her apartment had been destroyed by fire and she had been forced to relocate to a new address. In support of her claim, she submitted a fire incident report prepared by the Jersey City Fire Department. She did not, however, submit an affidavit or

4

any other evidence in which she personally attested to the fact that she had not received notice of the hearing. The IJ denied her motion to reopen, finding that the fire incident report did not clearly establish that Valenzuela's apartment had been destroyed and that, regardless, Valenzuela had a responsibility to inform the INS of any changes to her address. The BIA subsequently dismissed her appeal of the IJ's decision, finding that Valenzuela had failed to overcome the presumption of effective service that attaches to the use of regular mail.

We review the BIA's decision denying Valenzuela's motion to reopen for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323 (1992).[1] Based on the record that was before it, we cannot conclude that the BIA abused its discretion in this case. It is undisputed that the INS attempted to provided notice to Valenzuela on three separate occasions. None of the letters sent to Valenzuela by the INS was returned by the Postal Service as undeliverable. In addition, as the Government notes, the documentary evidence submitted by Valenzuela does not establish that her apartment was destroyed by fire, but only that a fire occurred. Finally, Valenzuela failed to submit an affidavit with her initial motion to reopen attesting to the fact that she did not receive notice from the

---

[1]Doherty was decided before the Immigration and Naturalization Act was amended to include the current language of 8 U.S.C. § 1229a(b)(5). Given the inherently discretionary nature of any decision regarding a motion to reopen a completed proceeding, we see no reason why the logic of that decision should not apply to this case.

INS regarding her hearing.[2]

Valenzuela nonetheless argues that the BIA erred in relying on In re Grijalva, 21 I. & N. Dec. 27 (1995), for the proposition that "there is a presumption that the Postal Service properly performs its duties" which can only be overcome with "'substantial and probative evidence.'" (App. 15 (quoting Grijalva, 21 I. & N. Dec. at 37).) In Grijalva, the INS had notified the alien using certified mail. Since that decision was issued, 8 U.S.C. §1229(a) has been amended to permit notice by regular mail.[3] At least two other courts of appeals have held that the use of regular mail necessarily entails a weaker presumption of delivery and therefore the evidentiary requirements of Grijalva should not apply in such cases. See Ghounem v. Ashcroft, 378 F.3d 740, 744-45 (8th Cir. 2004); Salta v. INS, 314 F.3d 1076, 1079 (9th Cir. 2002).

While we agree with Valenzuela that the use of regular mail entails a weaker presumption than the use of certified mail, we still find that a presumption of delivery

[2]In conjunction with her motion asking the BIA to reconsider its earlier decision, Valenzuela did submit such an affidavit. As explained above, we lack jurisdiction to review the BIA's decision denying that motion.

[3]That section now provides:

> In removal proceedings under section 1229a of this title, written notice (in this section referred to as a "notice to appear") shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) . . . .

8 U.S.C. §1229(a)(1). The BIA has held that personal service is "not practicable" if the alien is "not present in immigration court," Grijalva, 21 I & N. Dec. at 35, and the validity of that interpretation is not at issue in this case.

attaches.  Therefore, the BIA did not abuse its discretion in requiring Valenzuela to rebut that presumption through the use of specific evidence such as an affidavit attesting to the fact that she did not receive notice of the hearing.  See Salta, 314 F.3d at 1079.  While an affidavit may not be necessary in all such cases, it was not an abuse of discretion for the BIA to find that Valenzuela failed to rebut the presumption of effective service in light of the inconclusive nature of the other evidence she submitted.  We will therefore deny the petition for review.