JIN FENG GAO, Petitioner,

v.

BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
Respondent.

Nos. 03–4971–ag (L), 03–40939–ag (con).

United States Court of Appeals,
Second Circuit.

April 26, 2007.

Theodore N. Cox, New York, New York, for Petitioner.

Jeffrey A. Taylor, United States Attorney for the District of Columbia, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Jin Feng Gao petitions for review of the BIA's summary affirmance of a decision of an immigration judge ("IJ") denying her motion to rescind an order of removal *in absentia,* as well as the BIA's denial of her motion to reopen her removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004) (citing *Brice v. U.S. Dep't of Justice,* 806 F.2d 415, 419 (2d Cir.1986)). This Court reviews the denial of a motion to rescind an *in absentia* removal order under the same abuse of discretion standard applicable to motions to reopen. *See*

*Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir.2006).

■ "[A]ny alien who, after written notice ... has been provided to the alien or the alien's counsel of record, does not attend a [removal] proceeding ... shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." 8 U.S.C. § 1229a(b)(5)(A). Such an order can be rescinded if the alien "demonstrates that the failure to appear was because of exceptional circumstances" or if the "alien demonstrates that the alien did not receive notice in accordance with [the statute]." 8 U.S.C. § 1229a(b)(5)(C). Where, as here, the Government establishes that notice was properly sent to the alien, a rebuttable presumption that notice was received applies. *See Lopes v. Gonzales,* 468 F.3d 81, 85–86 (2d Cir.2006) (per curiam); *Matter of Grijalva,* 21 I. & N. Dec. 27, 37 (B.I.A.1995).

But even when the presumption of receipt of a notice of hearing applies, the agency abuses its discretion when it fails to take into account *all* relevant evidence, including circumstantial evidence, that an applicant did not receive the notice. In *Lopes,* we held that remand of the agency's denial of a motion to reopen and rescind an *in absentia* order of removal was warranted where an applicant proffered an affidavit containing a "bare claim of non-receipt" and the agency did not take into account relevant facts that supported the alien's assertion. 468 F.3d at 85–86; *see also id.* ("[O]n a motion to reopen, the BIA must consider all relevant evidence, including circumstantial evidence, offered to rebut" the "presumption of receipt to a notice sent by regular mail."); *Alrefae,* 471 F.3d at 360 ("The IJ was by no means

required to find [petitioner's] assertions sufficient to rebut the presumption, but he should have addressed them in his decision.").

Here, as in *Lopes,* there is an affidavit asserting non-receipt along with circumstantial evidence that petitioner "ha[d] done something to illustrate ... at least arguably ... that [she] is not an absconder." *Lopes,* 468 F.3d at 86. Specifically, the evidence here demonstrates that petitioner filed a motion to reopen just five days after she had called the INS hotline to ascertain the status of her case and discovered that her hearing had taken place five days before. This suggests that petitioner "would ... have done what was required of [her] had [she] known of the hearing." *Lopes,* 468 F.3d at 86. Indeed, in *Alrefae,* we noted that one factor that "the IJ might weigh in determining whether [petitioner] rebutted the presumption of receipt" was that the alien "filed his motion to rescind and reopen within a few months of his scheduled removal hearing, ... which also may provide some indication that he would have attended his removal proceeding had he received notice of it." 471 F.3d at 360.

Because the IJ failed to consider all the evidence petitioner offered to rebut the presumption of receipt, we grant the petition for review filed under docket number 03–4971–ag. On remand, the agency must consider all relevant evidence before deciding whether the evidence offered by petitioner rebuts the presumption of receipt.

■ As to the other petition for review, assuming that petitioner has properly asserted an ineffective assistance of counsel claim against the Meidong and Damei immigration service centers, we find that it

nonetheless fails. Petitioner did not raise the facts essential to this issue before the BIA, and we decline to consider them for the first time here. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107, 124–25 (2d Cir.2007), *amending* 461 F.3d 101, 104 (2d Cir.2006) (stating that, although not a jurisdictional requirement, the Court, "[c]onsistent with the strong prudential rationale for requiring all issues raised on appeal to have been presented below," will generally not review an unexhausted issue). Accordingly, we deny the petition for review filed under docket number 03–40939–ag.

For the foregoing reasons, the petition for review filed under docket number 03–40939–ag is DENIED. The petition filed under docket number 03–4971–ag is GRANTED and the case is REMANDED for further proceedings consistent with this order. Having completed our review, any stay of deportation that the Court previously granted in this petition is VACATED, and any pending motion for a stay of deportation in this petition is DISMISSED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).