**Janice Pearl JOHNSON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–3287–ag.

United States Court of Appeals, Second Circuit.

May 21, 2007.

Amended May 22, 2007.

Mitchell Jonathan Cohen, Esq., Hallandale Beach, FL, for Petitioner.

J. Russell Phillips, Assistant United States Attorney, for David E. Nahmias, United States Attorney for the Northern District of Georgia, Atlanta, GA, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Janice Johnson seeks review of a June 14, 2006 order of the BIA denying her motion to reconsider its April 11, 2006 decision. *In re Janice Pearl Johnson,* No. A 70 490 829 (B.I.A. June 14, 2006). The Board's earlier decision affirmed Immigration Judge ("IJ") Philip J. Montante, Jr.'s denial of Johnson's motion to reopen her removal proceedings and to rescind an in absentia order of deportation entered against her in 1991. *In re Janice Pearl Johnson,* No. A 70 490 829 (B.I.A. Apr. 11, 2006), *aff'g* No. A 70 490 829 (Immig. Ct. Buffalo, NY, Nov. 22, 2005). We assume familiarity with the underlying facts and specification of issues on appeal. Because Johnson petitioned this Court only for review of the BIA's June 2006 order denying reconsideration, we lack jurisdiction to review the underlying proceedings. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). We review the BIA's denial of a motion to reconsider for abuse of discretion. *See id.; Zhong Guang Sun v. U.S.*

*Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005). "A motion for reconsideration is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Jin Ming Liu,* 439 F.3d at 111 (internal quotation marks omitted). We may find an abuse of discretion "where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam) (internal quotation marks omitted).

In denying Johnson's motion to reconsider, as well as in affirming the denial of her motion to reopen, the BIA emphasized that written notice of the 1991 deportation hearing had been sent—allegedly by regular mail—to the address Johnson provided. The only proof of mailing is a copy of a letter addressed to Johnson. No evidence of actual mailing appears in the record to support a conclusion that the letter was sent, much less received. As a result, there is no evidence in the record before us that the BIA had any basis for assuming that there had been effective service. *Cf. Matter of Grijalva,* 21 I. & N. Dec. 27, 37 (B.I.A.1995) (applying a presumption of effective service to notices sent by certified mail).

Furthermore, as part of her pro se motion to reopen before the IJ, Johnson submitted her own affidavit as well as an affidavit signed by her aunt (who lived at the address where the notice had allegedly been sent) stating that she never received the written notice. [A 73–74] In her appeal from that motion, Johnson included affidavits from cousins who lived at the same address and who also swore that no written notice had been received by mail there. [A 33–39] In both its orders, the BIA inexplicably ignored the previous affidavits, and stated that Johnson had attempted to supplement the record with such evidence for the first time on appeal.

Although the BIA's order affirming the denial of Johnson's motion to reopen is not before this Court for review, the BIA should have granted Johnson's motion to reconsider that order in light of the lack of evidence that Johnson had been given effective notice of her 1991 hearing. Instead, the Board simply recapitulated its errors. Based on the foregoing, we conclude that the BIA abused its discretion in denying Johnson's motion to reconsider.

The petition for review is hereby GRANTED, and the case is REMANDED for further proceedings consistent with this order. Any pending motion for a stay of removal is DENIED as moot.