**HUA GUO PENG, A.K.A. Guo Hua Peng, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–5039–ag.

United States Court of Appeals, Second Circuit.

Sept. 5, 2008.

Henry Zhang, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Alison B. Igoe, Senior Litigation Counsel, Paul F. Stone, Trial Attorney, Office of Immigra-

tion Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Hua Guo Peng, a native and citizen of the People's Republic of China, seeks review of an October 23, 2007 order of the BIA affirming the November 21, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his motion to rescind his *in absentia* removal order and reopen his removal proceedings. *In re Hua Guo Peng*, No. A73 629 530 (B.I.A. Oct. 23, 2007), *aff'g* No. A73 629 530 (Immig. Ct. N.Y. City, Nov. 21, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to rescind and to reopen for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir.2006) (noting that a motion to rescind is a type of motion to reopen); *see also Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

As a preliminary matter, we construe Peng's petition as one seeking review of the BIA's denial of two distinct motions: a motion to rescind an *in absentia* removal order and a motion to reopen based on changed circumstances in China. We review each motion under the applicable substantive standards. *See Alrefae*, 471 F.3d at 357.

I. Motion to Rescind *In Absentia* Removal Order

■ We conclude that the BIA properly denied Peng's motion to rescind his *in absentia* removal order. The statute and regulations governing such motions provide that an *in absentia* removal order may be rescinded upon the filing of a motion to reopen at any time if the movant demonstrates that he did not receive notice of the hearing. *See* 8 U.S.C. § 1229a(b)(5)(C)(i) & (ii); 8 C.F.R. § 1003.23(b)(4)(ii). Peng, who filed his motion to reopen more than seven years after he was ordered removed *in absentia*, argues that the BIA improperly failed to rescind his removal order because he failed to receive notice of his hearing. Specifically, he argues that he was not personally served with the Notice to Appear ("NTA"), and that the record does not indicate that receipt of the NTA was acknowledged by anyone of "suitable age and discretion" to be entrusted with service. That argument is unavailing.

Under 8 U.S.C. § 1229a(b)(5)(A), there is a presumption that properly mailed notices of removal hearings are received by the addressee, and those who claim non-receipt are obliged to rebut this presumption. *See Alrefae*, 471 F.3d at 358–59. Where service has been effected through certified mail, the presumption may be overcome by asserting non-delivery or improper delivery if supported by "substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery or that nondelivery was not due to the respondent's failure to provide an address where he could not receive mail." *Matter of Grijalva*, 21 I. & N. Dec.

27, 37 (BIA 1995); *cf. Lopes v. Gonzales,* 468 F.3d 81, 86 (2d Cir.2006) (providing that in the context of regular mail, the agency's failure to consider all the evidence relevant to petitioner's claim of non-receipt was an abuse of discretion).

Here, Peng has not submitted any evidence to support his assertion that he did not receive notice of his hearing. As the BIA and IJ found, the NTA was delivered to Peng's last known address *via* certified mail and signed for upon delivery. Contrary to Peng's argument, the presumption of receipt does not require that he personally receive notice of the hearing, or that receipt was acknowledged by a person of suitable capacity. *See Matter of Grijalva,* 21 I. & N. Dec. at 37. Rather, Peng was required to demonstrate through "documentary evidence" that any improper delivery was not his fault. *Id.* He failed to do so. *Id.* Peng's assertion of non-receipt, without more, is insufficient to rebut the presumption. *See id.* (finding that "[a] bald and unsupported denial of receipt of certified mail notices is not sufficient to support a motion to reopen to rescind an *in absentia* order").[1] Thus, the BIA did not err in denying Peng's motion to rescind.

## II. Motion to Reopen Based on Changed Circumstances

■ The INA provides that an individual must file a motion to reopen within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Peng's motion was untimely, as it was filed more than seven years after he was ordered removed *in absentia. See* 8 C.F.R. § 1003.2(c)(2). Moreover, as the Government argues, the agency did not abuse its discretion in finding that Peng failed to show an exception to the ninety-day filing deadline based on changed country conditions.

The IJ properly found that Peng's China Democracy Party ("CDP") activity was a change in personal circumstances, and not a change in circumstances in China that was sufficient to warrant the reopening of his case. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 273 (2d Cir.2006) (finding that the birth of petitioner's children in the United States constituted evidence of changed personal circumstances, and not changed conditions in China). While Peng argues that the evidence he submitted established changed circumstances in China, the BIA properly concluded that did not. The BIA gave little weight to Peng's documents, which alleged, *inter alia,* that Peng was a member of the CDP, and that the authorities were aware of his political activities. Because the weight afforded to

---

1. Peng's reliance on *Alrefae* is misplaced where that case involved a notice that was sent *via* regular mail, thereby triggering a less stringent rebuttable presumption. 471 F.3d at 359. Here, the NTA was sent to Peng *via* certified mail. Similarly, Peng's reliance on *Matter of G–Y–R–,* 23 I. & N. Dec. 181 (BIA 2001), is unavailing. Under *Matter of G–Y–R–,* Peng had "actual notice" of the proceedings against him, because the NTA was successfully delivered to the address that he used on his asylum application. *Id.* at 186 (finding that an individual has actual notice where the NTA is mailed to an address from an asylum application "that accomplishes actual delivery of the Notice to Appear").

the applicant's evidence in immigration proceedings lies largely within the discretion of the agency, we do not find that the BIA abused its discretion in concluding that Peng's documents failed to establish "changed circumstances which are material to his asylum and withholding claims." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).