SUMMARY ORDER

Petitioner Yang Fa Chen, a native and citizen of the People’s Republic of China, seeks review of the February 4, 2008 order of the BIA, affirming the October 30, 2007 decision of Immigration Judge (I J) Gabriel C. Videla, denying his motion to reopen. In re Yang Fa Chen, No. A070 122 473 (B.I.A. Feb. 4, 2008), aff'g No. A070 122 473 (Immig. Ct. N.Y. City Oct. 30, 2007). We assume the parties’ familiarity with the case’s underlying facts and procedural history.
As an initial matter, motions to reopen in absentia deportation orders are governed by different rules depending on whether the movant seeks to rescind the order or present new evidence. See Song Jin Wu v. INS, 436 F.3d 157, 163 (2d Cir.2006); In re M-S-, 22 I. & N. Dec. 349, 353-55 (BIA 1998) (en banc). Accordingly, where, as here, an alien files a motion that seeks both rescission of an in absentia deportation order, as well as reopening of removal proceedings based on new evidence, we treat the motion as comprising distinct motions to rescind and to reopen. Alrefae v. Chertoff, 471 F.3d 353, 357 (2d Cir.2006); see also Maghradze v. Gonzales, 462 F.3d 150, 152 n. 1 (2d Cir.2006).
When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005); Jin Yu Lin v. U.S. Dep’t of Justice, 413 F.3d 188, 191 n. 4 (2d Cir.2005). We review the denial of a motion to rescind an in absentia removal order under the same abuse of discretion standard applicable to motions to reopen. See Alrefae, 471 F.3d at 357; see also Kaur v. BIA, *647 413 F.3d 232, 233 (2d Cir.2005) (per curiam).
A. Motion to Rescind
The Agency’s regulations provide that “[a]n order entered in absentia in deportation proceedings may be rescinded upon a motion to reopen filed ... [a]t any time if the alien demonstrates that he or she did not receive notice[.]” 8 C.F.R. § 1003.23(b)(4)(iii)(A). The BIA has stated that “where service of a notice of a deportation proceeding is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail, a strong presumption of effective service arises.” Matter of Grijalva, 21 I. & N. Dec. 27, 37 (BIA 1995). Such presumption “may be overcome ... [where the movant] presentís] substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery or that nondelivery was not due to the respondent’s failure to provide an address where he could receive mail.” Matter of Grijalva, 21 I. & N. Dec. at 37.
In this case, the record indicates that the Immigration Court sent notice of Chen’s July 1994 hearing by certified mail to Chen’s address of record and, aside from Chen’s conclusory assertion in his affidavit that he did not receive such notice, he did not submit evidence demonstrating nondelivery or improper delivery. Thus, because “the BIA may reasonably accord less weight to an affidavit of non-receipt than to its own records establishing that the order was in fact mailed,” Ping Chen v. U.S. Att’y General, 502 F.3d 73, 77 (2d Cir.2007), Chen has failed to rebut the “strong presumption of effective service” and the BIA did not abuse its discretion in declining to rescind his in absentia deportation order, Matter of Grijalva, 21 I. & N. Dec. at 37. Moreover, contrary to Chen’s assertion, his former attorney’s request to withdraw as counsel does not indicate whether Chen received notice of the hearing.
B. Motion to Reopen
The agency did not abuse its discretion in denying Chen’s motion to reopen. The agency’s regulations require an alien seeking to reopen proceedings with the IJ to file a motion to reopen “within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 31, 1996, whichever is later.” 8 C.F.R. § 1003.23(b)(1). Thus, there is no dispute that Chen’s October 2007 motion to reopen was untimely where it was filed more than eleven years after September 31, 1996. Id. But there is no time limit for filing a motion to reopen if it is “based on changed country conditions arising in the country of nationality or the country to which removal has been ordered.” 8 C.F.R. § 1003.23(b)(4)(i). The BIA properly found that Chen failed to establish such circumstances based on the birth of his U.S. citizen children. See Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005); see also Wei Guang Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir.2006).
Likewise, the Agency did not err in determining that Chen failed to demonstrate material changed country conditions in China. Indeed, we have previously reviewed the agency’s analysis of evidence similar to that in the record of this case and concluded that it does not err in finding that such evidence does not demonstrate changed country conditions or a reasonable possibility of forced sterilization. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 158-73 (2d Cir.2008). Accordingly, as Chen failed to demonstrate material changed country conditions, the *648 agency did not abuse its discretion in denying his motion to reopen as untimely. See 8 C.F.R. § 1003.23(b)(4)(i); see also Wei Guang Wang, 487 F.3d at 273-74. Because Chen failed to demonstrate material changed country conditions excusing the time limitation for filing his motion to reopen, the BIA reasonably denied his motion to reopen as untimely without considering his eligibility for withholding of removal or for relief under the Convention Against Torture. Cf. 8 C.F.R. § 1003.23(b)(4)(i) (providing that “[t]he time and numerical limitations set forth in ... this section shall not apply if the basis of the motion is to apply for asylum ... or withholding of removal under section 241(b)(3) of the Act or withholding of removal under the Convention Against Torture, and is based on changed country conditions arising in the country of nationality”).
Finally, we lack jurisdiction to consider Chen’s argument that the BIA abused its discretion in declining to reopen his proceedings sua sponte, PB at 30-31. See Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).