**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURESHBHAI RANCHHODJI AHIR,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | Nos. 07-70515<br>        07-71860<br><br>Agency No. A070-122-332<br><br><br>MEMORANDUM [*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

In these consolidated petitions for review, Sureshbhai Ranchhodji Ahir, a

native and citizen of India, petitions for review of the Board of Immigration

Appeals' ("BIA") orders dismissing his appeal from an immigration judge's ("IJ")

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes that this case is suitable for
decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

TL/Research

denial of his motion to reopen deportation proceedings held in absentia and his subsequent motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen and reconsider. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). In 07-70515, we deny in part and dismiss in part the petition for review. In 07-71860, we deny the petition for review.

Because the BIA lacked jurisdiction to consider Ahir's newly submitted evidence on appeal, *see* 8 C.F.R. § 1003.1(d)(3)(iv), the BIA did not abuse its discretion in concluding that Ahir failed to rebut the strong presumption of effective service arising from the service of his hearing notice by certified mail. *See Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir. 1997); *Matter of Grijalva*, 21 I. & N. Dec. 27, 37 (BIA 1996).

The BIA was within its discretion in declining to remand because the newly submitted evidence was previously available and could have been provided in support of Ahir's motion to reopen. *See Matter of Grijalva*, 21 I. & N. Dec. at 36 (holding that the BIA will not remand to the IJ for consideration of evidence submitted on appeal that was available and could have been presented along with a motion to reopen filed with the IJ).

The BIA did not abuse its discretion in denying Ahir's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision. 8 C.F.R. § 1003.2(b)(1); *cf. Chaidez v. Gonzales*, 486 F.3d 1079, 1083-84 (9th Cir. 2007) (reaffirming the standard for determining whether a hearing notice sent by certified mail has been properly served on a petitioner).

We lack jurisdiction to review Ahir's contentions regarding the withholding of evidence in response to his Freedom of Information Act request and the agency's reliance on that evidence because he failed to exhaust these contentions with the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Lastly, the BIA did not abuse its discretion in denying Ahir's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1).

**In 07-70515, PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**In 07-71860, PETITION FOR REVIEW DENIED.**