Chen v. Holder

BIA
A075 405 071

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of June, two thousand eleven.

PRESENT:
> ROGER J. MINER,
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

XIAOYONG CHEN, AKA XIAO-YONG CHEN,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

10-1393-ag

NAC

_____

FOR PETITIONER:         Theodore N. Cox, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Jonathan Robbins, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Xiaoyong Chen, a native and citizen of the People's Republic of China, seeks review of a March 16, 2010 decision of the BIA denying his motion to rescind an *in absentia* order and reopen his removal proceedings. *In re Xiaoyong Chen*, No. A075 405 071 (B.I.A. March 16, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, an alien files a motion that seeks both to rescind an *in absentia* order of deportation and to reopen proceedings based on new evidence, we treat the motion as comprising distinct motions to rescind and to reopen. *See Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales,* 462 F.3d 150, 152 n.1 (2d Cir. 2006). We address separately each of Chen's motions below, reviewing the BIA's decision for abuse of discretion. *See Alrefae,* 471 F.3d at 357; *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

**I.   Motion to Rescind**

An *in absentia* order of deportation may be rescinded outside the 180-day time limitation "if the alien demonstrates that he or she did not receive notice" of his removal hearing.  8 C.F.R. § 1003.23(b)(4)(iii)(A)(2). Where, as here, the notice of hearing "'is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail, a strong presumption of effective service arises.'" *See Alrefae*, 471 F.3d at 357 *(*quoting *Matter of Grijalva*, 21 I. & N. Dec. 27, 37 (B.I.A. 1995)). The presumption of effective service may be rebutted, if, in addition to evidence of non-delivery, there is "'substantial and probative evidence . . . demonstrating . . . that nondelivery was not due to the respondent's failure to provide an address where he could receive mail.'" *Fuentes-Argueta v. INS*, 101 F.3d 867, 871 (2d Cir. 1996) (quoting *Grijalva*, 21 I. & N. Dec. at 37) (internal alterations omitted).

Chen points to no evidence, and there is none in the record, that would compel the conclusion that the non-delivery of the notice of hearing was not due to his own

3

failure to provide a correct address. Accordingly, the BIA did not abuse its discretion in concluding that Chen failed to rebut the presumption of adequate notice.

**II.  Motion to Reopen**

In denying Chen's motion to reopen, the BIA did not err in applying a 90-day time limit, and, because the motion was untimely, mandating a showing of changed country conditions. *See Maghradze*, 462 F.3d at 156 (holding that the BIA did not err in denying a motion to reopen, accompanied by a motion to rescind, based on a lack of evidence of changed country conditions).  None of the evidence proffered by Chen would require a finding of changed country conditions, either with respect to his claims concerning sterilization or with respect to his claims concerning the Chinese government's treatment of underground churches. Accordingly, the BIA did not abuse its discretion in denying the motion to reopen.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
