**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2736
_____

DASHRATLAL PATEL,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A070-703-804 )
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2011

Before: FUENTES, VANASKIE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 28, 2011 )
_____

OPINION
_____

PER CURIAM

Dashratlal Patel, a native and citizen of India, petitions for review of the order of

the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's order

denying Patel's motion to reopen.

Patel entered the United States in 1991 without a valid visa or other entry document.[1] In 1993, he filed an asylum application, which was denied; his case was referred immediately to the immigration court for deportation proceedings. Although the Immigration and Naturalization Service ("INS") sent a hearing notice and show cause order to Patel's record address by certified mail in 1993, the certified mail was returned to the INS unclaimed. (A.R. 118-19.) In October 1993, the INS closed the deportation proceeding administratively due to Patel's nonappearance. (A.R. 114.) In August 1994, through new counsel, Patel filed a motion to re-calendar his case and submitted a change of address form indicating his new address as "141-27 Main Street #1F, Flushing NY 11367." (A.R. 106-08.) In December 1994, the INS sent a show cause order and notice of a hearing scheduled for February 9, 1995 (hereafter the "1995 notice"), by certified mail to Patel using his new address, but the agency failed to include his apartment number. (A.R. 98.) The certified mail was returned as undeliverable. (A.R. 94-95.) The INS also sent the 1995 notice via certified mail to counsel of record, who confirmed receipt. (A.R. at 96-97.) When Patel failed to appear at the February 1995 hearing, the IJ held a hearing and entered an in absentia order deporting Patel to India. (A.R. at 90.)

In 2008, with the assistance of new counsel, Patel filed a motion in immigration court to rescind the in absentia order and reopen the deportation proceedings. (A.R. 43-

---

[1] Patel married Kokilaben Patel in India in 1980. They have two Indian citizen

85.) He claimed that neither he nor his attorney had received written notice of the February 1995 hearing or of the consequences of failing to appear and that he received no oral notice in his native language. (A.R. 46-48.) The IJ denied the motion, determining that Patel failed to show that he was not properly served with notices and show cause orders in 1993 and 1995. The IJ found that although Patel attested that he had received no "letters" about deportation proceedings in 1993, he did not specifically deny receiving the 1993 hearing notice and show cause order. Pet'r Brf. at A-6, A-7. The IJ also found that Patel's retention of new counsel in 1994 to seek re-calendaring of the deportation proceedings, demonstrated that Patel knew that he had been placed in deportation proceedings in 1994. Id. at A-7. The IJ ultimately concluded that Patel suffered no prejudice from the INS's failure to properly notify him in 1993 because his case was closed administratively when he did not appear. Id. at A-7, A-8. As for the February 1995 hearing, the IJ found that the INS successfully served notice to counsel, which Patel failed to rebut. Id. at A-8. The BIA dismissed Patel's appeal, holding that the IJ's fact-finding was not clearly erroneous. Id. at A-4, A-5.

We have jurisdiction to review final orders of the BIA under 8 U.S.C. § 1252(a)(1). Where, as here, the BIA expressly adopts the IJ's decision and reasoning pursuant to Matter of Burbano, 20 I. & N. Dec. 872, 874 (BIA 1994), we review the decisions of both the IJ and the BIA to determine whether the BIA's decision to defer to

---

children, Bhavika and Ravi. The entire family is now in the United States.

the IJ was appropriate.[2] Shehu v. Att'y Gen., 482 F.3d 652, 657 (3d Cir. 2007). "We review the denial of a motion to reopen a removal order entered in absentia for abuse of discretion." Cabrera-Perez v. Gonzales, 456 F.3d 109, 115 (3d Cir. 2006) (citing INS v. Doherty, 502 U.S. 314, 323-24 (1992)). Thus, in order to succeed on the petition for review, Patel must ultimately show that the discretionary decision was arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

Because Patel's immigration proceedings were initiated prior to the 1996 amendments to the INA, we must apply the notice requirements set forth in former INA § 242B [8 U.S.C. § 1252b (repealed 1996)]. Under that statute, aliens were to be notified of the time and place of their deportation hearings either in person or by certified mail sent to the alien or the alien's counsel of record. See INA § 242B(a)(2)(A) [8 U.S.C. § 1252b(a)(2)(A)]. Written notice was sufficient if it was "provided at the most recent address" furnished by the alien. Id. Under the pre-1996 law, an in absentia deportation order could be rescinded at any time provided the alien demonstrated that he did not receive notice in accordance with subsection (a)(2). See INA § 242B(c)(3)(B) [8 U.S.C. 1252b(c)(3)(B)].

Patel argues that both the IJ and the BIA applied the wrong evidentiary standard in

---

[2] The IJ also denied reopening sua sponte, a decision that Patel does not challenge. In any event, we lack jurisdiction to consider such a discretionary decision. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).

considering whether he had received proper notice of the 1993 and 1995 hearings.[3] We need not dwell on the issue with respect to the 1993 hearing notice because the IJ closed the deportation proceedings indefinitely rather than enter a deportation order in absentia. In any event, it is the notice of February 1995 hearing to which we turn our attention because that hearing resulted in the in absentia order that Patel sought to rescind in his motion to reopen.

The statute in effect in 1995 provided for written notice via certified mail "to the alien or to the alien's counsel of record." INA § 242B(a)(2)(A) [8 U.S.C. § 1252b(a)(2)(A)]. The IJ found that in 1995, the INS attempted to serve Patel by certified mail at the most recent address on record, and that the mail was returned as undeliverable. The INS, however, successfully served notice of the February 1995 hearing and the show cause order to the attorney of record by certified mail in accordance with the law. Both the IJ and the BIA thus properly applied a strong presumption of effective service to counsel of record in Patel's case. See Santana Gonzalez v. Att'y Gen., 506 F.3d 274, 277 (3d Cir. 2007) (strong presumption applies when service of notice of a deportation hearing is by certified mail and there is proof of attempted delivery) (citing Matter of Grijalva, 21 I. & N. Dec. 27, 37 (BIA 1995)). Patel offered no evidence to rebut the strong presumption in immigration court or before the BIA. Id. at

---

[3] We are unpersuaded by Patel's claim that the BIA erroneously engaged in fact-finding when it noted that Patel failed to exercise due diligence in filing his motion to reopen in 2008. The BIA relied on the IJ's finding that Patel was aware of his

278 (an alien may rebut the strong presumption only by presenting "substantial and probative evidence"). Record evidence of Patel's attorney's return receipt thus was sufficient to establish that notice was properly served. Accordingly, we conclude that there was no abuse of discretion by the IJ or the BIA.[4]

For the foregoing reasons, we will deny the petition for review.

---

deportation proceeding when he filed his motion to re-calendar in 1994.

[4] Because Patel's claims alleging error by the IJ and the BIA are meritless, his related due process claim also fails.