10-3621-ag
Peng v. Holder

BIA
A073 629 530

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of September, two thousand eleven.

PRESENT:
>JON O. NEWMAN,
>JOSÉ A. CABRANES,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

_____

HUA GUO PENG,
>*Petitioner,*

v.                                                    10-3621-ag
                                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:          Eric Zheng, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General;
                         Anthony P. Nicastro, Senior Litigation
                         Counsel; Joanna L. Watson, Trial
                         Attorney, Office of Immigration
                         Litigation, United States Department of
                         Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hua Guo Peng, a native and citizen of China, seeks review of an August 11, 2010, decision of the BIA denying his motion to rescind and reopen. *In re Hua Guo Peng*, No. A073 629 530 (B.I.A. Aug. 11, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Motions to reopen removal proceedings in which an alien was ordered removed *in absentia* are governed by different rules depending on whether the movant seeks to rescind the *in absentia* removal order or present new evidence of his eligibility for relief. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-*, 22 I. & N. Dec. 349, 353-55 (B.I.A. 1998) (en banc). Accordingly, when, as here, an alien files a motion that seeks both rescission of an *in absentia* removal order, as well as reopening of removal proceedings based on new evidence, we treat the motion as comprising distinct motions to rescind and to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze*

2

*v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006).  We review the denial of a motion to rescind an *in absentia* removal order under the same abuse of discretion standard applicable to motions to reopen.  *See Alrefae*, 471 F.3d at 357; *see also Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).  When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).  We review *de novo* questions of law and the application of law to undisputed fact.  *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110-11 (2d Cir. 2008).

**A.   BIA's Jurisdiction**

The BIA did not err in exercising jurisdiction over Peng's motion.  An immigration judge ("IJ") may "reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals."  8 C.F.R. § 1003.23(b)(1); *see also Matter of Patino*, 23 I. & N. Dec. 74, 76 (BIA 2001) (stating that "until such time as an appeal is properly before the Board, the Immigration Judge has continuing jurisdiction to entertain motions regarding proceedings that were previously before the

3

Immigration Judge"). Jurisdiction to reopen, reconsider, or rescind vests with the BIA in "any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). Because the BIA issued a decision in Peng's proceedings in 2007, jurisdiction had vested with the BIA when he filed his second motion in 2009. *See id.*

**B. Motion to Rescind**

Peng argues that his *in absentia* removal order should have been rescinded because he did not receive notice of his hearing due to his immigration consultant's misconduct in providing his own, not Peng's, address on the asylum application. An order of removal entered *in absentia* may be rescinded at any time if the alien demonstrates that he did not receive notice as required. 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(ii). Based on a prior decision of this Court in Peng's proceedings, the law of the case doctrine is that Peng is presumed to have received notice of his hearing by certified mail delivery of a Notice to Appear. *See United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) ("The law of the case ordinarily forecloses relitigation of issues expressly or impliedly decided by the appellate court.") (internal quotation marks omitted). A presumption of

4

receipt may be overcome by an assertion of non-delivery or improper delivery if supported by "substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence . . . . " *Matter of Grijalva*, 21 I. & N. Dec. 27, 37 (BIA 1995); *cf. Lopes v. Gonzales*, 468 F.3d 81, 86 (2d Cir. 2006) (providing that a less stringent standard applies in the context of regular mail, and that the agency's failure to consider all the evidence relevant to petitioner's claim of non-receipt was an abuse of discretion).

The BIA reasonably rejected Peng's claim that he did not receive the Notice to Appear because he submitted evidence contradicting his argument that the Notice was sent to his immigration consultant. *See Matter of Grijalva*, 21 I. & N. Dec. at 37 (finding that "[a] bald and unsupported denial of receipt of certified mail notices is not sufficient to support a motion to reopen to rescind an *in absentia* order"). Accordingly, the BIA did not abuse its discretion in declining to rescind the *in absentia* removal order. *See* 8 U.S.C. § 1229a(b)(5)(C).

**C.   Motion to Reopen**

The BIA also did not abuse its discretion in denying

Peng's motion to reopen as untimely. An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Although Peng's motion to reopen was indisputably untimely because it was filed more than eleven years after the IJ's *in absentia* removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there is no time limitation for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that Peng's new membership in the China Democracy Party ("CDP") constituted a change in his personal circumstances, rather than a change in country conditions sufficient to excuse the untimely filing of his motion to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (explaining that a change in "personal circumstances *in the United States*" did not constitute a change in country

6

conditions excusing the filing deadline for motions to reopen).  We do not consider the evidence Peng discusses in his brief because it was not included in the record before the agency.  *See* 8 U.S.C. § 1252(b)(4)(A) (providing that this Court must "decide the petition only on the administrative record on which the order of removal is based").  In any event, the BIA did not err in finding that Peng's evidence, which included a World Journal article that was not translated from Chinese to English, copies of photographs of unidentified CDP protestors, and a list of CDP political prisoners, did not identify a change in conditions in China.  Because the record does not compel the conclusion that the treatment of CDP members in China had changed materially since the time of Peng's 1998 proceedings before the IJ, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 169, the BIA did not abuse its discretion in denying Peng's motion to reopen as untimely, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk