10-1272-ag
Reis v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of October, two thousand eleven.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DENNY CHIN,
                       *Circuit Judges*.

───────────────────────────────────────────

KENNEDY REIS,

          *Petitioner*,

          v.                                          10-1272-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY
GENERAL,

          *Respondent*.

───────────────────────────────────────────

Appearing for Petitioner:     Kennedy Reis, *pro se*.

Appearing for Respondent:     Kathryn DeAngelis (Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Anthony W. Norwood, Senior Litigation Counsel; *on the brief*); Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, in part, and DENIED, in part.

Petitioner Kennedy Reis, a native and citizen of Brazil, seeks review of a December 30, 2009, order of the BIA affirming the October 10, 2008, decision of Immigration Judge ("IJ") Philip J. Montante, Jr., denying his motion to rescind an *in absentia* removal order and reopen his proceedings. *In re Kennedy Reis*, No. A029 032 755 (B.I.A. Dec. 30, 2009), *aff'g* No. A029 032 755 (Immig. Ct. Buffalo Oct. 10, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

"Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of motions to rescind or to reopen for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *Kaur v. Bd. of Immigration Appeals*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

In this case, the agency – and the government on appeal – have conflated Reis's motion to rescind his *in absentia* deportation order with his motion to reopen in order to apply for relief from removal. The two are distinct and governed by different standards. *See Alrefae*, 471 F.3d at 357 ("[A]lthough a motion to rescind is a type of motion to reopen, it is distinctive in that a 'motion to reopen for purposes of rescinding an in absentia [removal] order . . . seeks to restart proceedings as if the previous proceedings never occurred.'" (alteration and omission in original) (quoting *Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006))).

## I. MOTION TO RESCIND

An *in absentia* removal order may be rescinded at any time if an alien demonstrates that he did not receive notice of the hearing. 8 U.S.C. § 1229a(b)(5)(C)(ii). An alien who files such a motion to rescind is not required to establish his *prima facie* eligibility for relief because the purpose of rescission is to vacate the existing removal order and restart the immigration proceedings as if the alien had never been found removable. *See Alrefae*, 471 F.3d at 357-58 (concluding that whether petitioner established his eligibility for *prima facie* relief was not relevant to his motion to rescind). In such cases, "the central issue . . . is . . . whether the alien actually *received* the notice." *Id.* at 359 (quoting *Lopes v. Gonzales*, 468 F.3d 81, 84 (2d Cir. 2006) (per curiam)) (internal quotation mark omitted).

Here, the agency abused its discretion in denying Reis's motion to rescind. Reis was in immigration detention at the time he filed his motion before the IJ. Although he did not present the IJ with any evidence to support his assertion that he did not receive notice of the hearing, a review of the record would have suggested that he did not receive it, as the notice was mailed to an address in Canada despite the fact that the Immigration and Naturalization Service had listed a New York address for Reis on his Order to Show Cause. Because the notice was not mailed to

2

Reis's last known address in the United States, it was inappropriate for the agency to presume that he received the notice. *Cf. Lopes*, 468 F.3d at 84-85 (concluding that when notice is sent to an alien by regular mail, the agency may apply a slight, rebuttable presumption of receipt if "the record establishes that the notice was accurately addressed and mailed in accordance with normal office procedures"). Accordingly, the IJ abused his discretion in denying Reis's motion without attempting to resolve the factual issue of whether Reis actually received the notice. *See Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (noting that "[n]ormally, an agency rule would be arbitrary and capricious if the agency . . . entirely failed to consider an important aspect of the problem" or "offered an explanation for its decision that runs counter to the evidence before the agency").

Moreover, Reis indicated in his appeal to the BIA that he wanted to testify and presented evidence of alleged attempts to adjust his status after the *in absentia* deportation order had been entered – attempts that would suggest that he was unaware of that order, and thus of the hearing as well. The BIA abused its discretion in failing to consider whether the special circumstances of his case, in which notice of the hearing was mailed to a foreign address, merited a remand to the IJ for further factual findings. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954) ("object[ing] to the Board's alleged failure to exercise its own discretion"); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328 (2d Cir. 2006); *In re Adolfo Jose Grijalva*, 21 I. & N. Dec. 27, 37 (B.I.A. 1995) (finding that "the particular circumstances . . . [of] the . . . case" justified "remand[ing] the record to the Immigration Judge for further proceedings to consider the evidence proffered by the respondent" despite the general requirement that "evidence necessary to support the motion to reopen must be presented to the Immigration Judge").

In sum, the agency abused its discretion in denying Reis's motion to rescind without considering the adequacy of the notice mailed to Canada. Accordingly, we remand the case to the agency in order to determine whether Reis actually received notice of his deportation hearing. *See Alrefae*, 471 F.3d at 359. We express no opinion on the outcome of those proceedings.

## II. MOTION TO REOPEN

Along with his motion to rescind the *in absentia* deportation order, Reis also sought to reopen his proceedings so that he could apply for various types of relief, including relief under the LIFE Act. If the removal order against him is rescinded because he establishes that he did not receive notice, he will be able to apply for relief from removal as if the previous deportation order had never been issued. However, insofar as he seeks reopening of his proceedings so that he can pursue relief *separately* from his motion to rescind, the BIA did not abuse its discretion in denying his motion to reopen as untimely because it was filed more than 90 days after the deportation order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i).

For the foregoing reasons, the petition for review is GRANTED, in part, and DENIED, in part, and the case is REMANDED to the BIA for proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4