# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2011

No. 11-60013
Summary Calendar

Lyle W. Cayce
Clerk

MAKHAN SINGH,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A073 225 674

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Makhan Singh petitions this court for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reopen his in absentia removal proceedings. Singh argues that the BIA erred by denying his motion to reopen because the notice of his deportation hearing was insufficient and improper.

Motions to reopen deportation proceedings are disfavored, and the moving party bears a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006). In reviewing the BIA's denial of a motion to reopen, this court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

generally applies a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005) (internal quotations marks and citation omitted). The record reflects that the hearing notice was delivered via certified mail to Singh's last known address. Thus, there is a strong presumption of effective service that may only be overcome by the affirmative defense of nondelivery or improper delivery by the Postal Service. *See Matter of Grijalva*, 21 I&N Dec. 27, 33-34, 37 (BIA 1995). Singh has failed to rebut this presumption. *See id.*

Singh also contends that 8 U.S.C. § 1252b(a)(3), which requires the Order to Show Cause and other notices to be provided in English and Spanish and no other language, violates the Equal Protection Clause. The Government asserts that Singh lacked standing to raise this argument. Singh fails to carry his burden of showing that he has standing to raise this argument. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

The petition for review is DENIED.