11-5246                                                                        BIA
Chen  v. Holder                                                           A073 671 561

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of August, two thousand twelve.

PRESENT:
    ROBERT A. KATZMANN,
    BARRINGTON D. PARKER,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges*.
_____

TIAN HE CHEN,
        *Petitioner*,

        v.                                    11-5246
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        Scott E. Bratton, Margaret Wong &
                       Associates, Cleveland, Ohio.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; David V. Bernal, Assistant
                       Director; Dara S. Smith, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tian He Chen, a native and citizen of the People's Republic of China, seeks review of a December 6, 2011, order of the BIA denying his motion to reopen and affirming the July 13, 2010, decision of Immigration Judge ("IJ") Brigitte LaForest denying his motion to rescind a removal order entered *in absentia*. *In re Tian He Chen*, No. A073 671 561 (B.I.A. Dec. 6, 2011), *aff'g* No. A073 671 561 (Immig. Ct. N.Y.C. July 13, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of motions to rescind and reopen for abuse of discretion. *See Debeatham v. Holder*, 602 F.3d 481, 484 (2d Cir. 2010) (per curiam). An order of removal entered *in absentia* may be rescinded only upon: (1) a motion filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances; or (2) a motion to reopen filed at any time if the alien demonstrates

2

that he did not receive notice as required and the failure to appear was through no fault of his own.  8 U.S.C. § 1229a(b)(5)(C).  Because Chen filed his motion more than 12 years after the entry of the removal order, he was required to demonstrate that he did not have notice of the proceedings.

A rebuttable presumption that an alien received a Notice to Appear ("NTA") applies where the Government establishes that notice was properly sent to the alien by certified mail.  *See Bhanot v. Chertoff*, 474 F.3d 71, 73 (2d Cir. 2007) (per curiam) (holding that when the government sent notice of petitioner's changed hearing date to his most recent address, a presumption of receipt applied)*; see also Matter of Grijalva*, 21 I. & N. Dec. 27, 37 (B.I.A. 1995) ("[W]here service of a notice of a deportation proceeding is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail, a strong presumption of effective service arises.").  Here the record includes a return receipt showing that the NTA was delivered to the address Chen provided in his asylum application (and signed for by an individual named Chuck Lee).

Chen argues that the incorrect address listed by the travel agency he hired to prepare his application resulted in him not receiving actual delivery of the NTA, and consequently that his *in absentia* removal order should be rescinded. Chen's argument is unavailing as the error is attributable to him and insufficient to "rebut the presumption of proper notice." *Song Jin Wu v. INS*, 436 F.3d 157, 162 (2d Cir. 2006); *see also Hoodho v. Holder*, 558 F.3d 184, 192 (2d Cir. 2009) ("[A] party who voluntarily chose an attorney as his representative in an action cannot avoid the consequences of the acts or omissions of this freely selected agent." (internal quotation marks, brackets, and ellipses omitted)). The agency's finding is consistent with 8 U.S.C. § 1229a(b)(5)(C)(ii) (providing for rescission of an *in absentia* removal order where the alien can demonstrate his failure to appear occurred "through no fault of [his own]"), and the record demonstrates that Chen was, or should have been, aware of the improper address when he signed and dated his asylum application and swore that the contents of the application were "true and correct."

Finally, to the extent that Chen challenges the agency's decision not to exercise its *sua sponte* reopening

4

authority, we are without jurisdiction to review that discretionary decision.  *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006) (per curiam) (a reviewing court lacks jurisdiction to review a decision of the BIA not to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) because such a decision is "entirely discretionary").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5